# RESCRIPT OPINIONS.

SPRINGFIELD BOARD OF POLICE COMMISSIONERS & another *vs*. MASSA-CHUSETTS COMMISSION AGAINST DISCRIMINATION. May 1, 1978. In December, 1970, William J. Self, Jr. (Self), a black patrolman who was first on the civil service list of those eligible for sergeant, was passed over for promotion in favor of a white patrolman. Self filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) alleging discrimination in employment on the basis of race in violation of G. L. c. 151B, § 4, cl. 1.

After a public hearing, a single commissioner found that the Springfield board of police commissioners (board) had discriminated against Self by failing to promote him to the position of sergeant because of his race. The board was ordered to promote Self to sergeant with seniority effective as of January 1, 1971, and to pay Self the difference between the salary he would have received if he had been properly promoted and that which he actually received. After correcting an error of law, the MCAD upheld the decision of the single commissioner. The MCAD also adopted the order of the single commissioner with the exception that the board was required to promote Self to the next opening for sergeant and that if this opening should occur before the completion of any appeals, the board was to hold the position open pending final disposition of the appeals.

The board sought review in the Superior Court which affirmed the MCAD's decision. This case was appealed to the Appeals Court, and we transferred it to this court on our own motion.

Self presented a prima facie case under *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792, 802 (1973). The board introduced evidence tending to show legitimate nondiscriminatory reasons for its failure to promote Self. Self then presented evidence demonstrating that these reasons were a pretext. See *Wheelock College* v. *Massachusetts Comm'n Against Discrimination*, 371 Mass. 130, 136 (1976). The findings of fact of the MCAD were supported by substantial evidence. There was no error of law in the consideration of the evidence tending to show that the board's reasons were a pretext. There was no abuse of discretion in admitting certain evidence and there is no affirmative indication in the record that the MCAD failed to consider all the evidence.

The board argues that the MCAD failed to consider evidence that on other occasions the first-ranked officer on the civil service list had not been promoted and that in some instances black officers had been promoted

over white officers. This evidence and the issue raised by it, that the failure to promote Self was not due to racial discrimination because it was consistent with a nondiscriminatory practice, was not, however, clearly presented to the MCAD. One witness testified that on three occasions the first-ranked officers had been passed over; no mention was made at that time of the race of the men promoted or that of the men passed over. Earlier in the testimony of another witness two of the men who were promoted were identified as black. The MCAD argues, however, that even if competent statistical evidence demonstrating nondiscriminatory promotional practices were presented such evidence should not be considered because it is irrelevant. We disagree. Statistical evidence showing that the practice involved was generally carried out in a nondiscriminatory manner is extremely relevant even in a case focusing on discrimination against a single individual since this evidence tends to demonstrate that the action complained of was not the result of discrimination. See *McDonnell Douglas Corp.* v. *Green, supra* at 804-805. Such evidence must be considered together with all the other evidence.

The decision of the Superior Court is affirmed. However, the judgment should be modified so that it clearly requires the promotion of Self to the position required to be held open for him pursuant to a court order of August 17, 1976, and so that it sets forth the other portions of the order of the Massachusetts Commission Against Discrimination necessary to implement fully that order.

*So ordered.*

*Thomas A. Waldron,* Assistant City Solicitor, for the plaintiffs.
*Jeffrey J. Binder,* for the defendant.