ANTONE S. ALMEIDA vs. THE TRAVELERS INSURANCE
COMPANY.

Bristol. December 1, 1980. — March 31, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Insurance*, Motor vehicle insurance, Surcharge. *Res Judicata. Motor Vehicle*, Insurance, Board of Appeal on Motor Vehicle Liability Policies and Bonds. *Administrative Law*, Preclusive effect of decision.

A determination by the Board of Appeal on Motor Vehicle Liability Policies and Bonds that an insurance company had improperly imposed a surcharge on an insured after he had filed a limited collision liability claim constituted a determination that the negligence attributable to the insured was fifty per cent or less and precluded relitigation of that issue in a subsequent action by the insured against the insurance company for payment for the damages to his vehicle. [228-231]

CIVIL ACTION commenced in the First Bristol Division of the District Court Department on January 26, 1979.

Upon appeal to the Superior Court Department, the case was heard by *Dimond, J.*, on motion for partial summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Richard T. Corbett* for the defendant.
*Thomas P. Gay* for the plaintiff.

HENNESSEY, C.J. In a civil action in the Superior Court, the plaintiff Antone S. Almeida, claiming under a "limited collision" policy as defined in G. L. c. 90, § 34O, prevailed against The Travelers Insurance Company (Travelers). Travelers appeals, contesting specifically the Superior Court ruling that certain trial matters were res judicata[1] as

---

[1] Although the parties use the familiar terminology "res judicata," this expression has been replaced, in most cases, by the more precise phrase

a result of a previous determination by the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) that Travelers had improperly imposed a surcharge on Almeida. We agree with the Superior Court judge and conclude that in a subsequent civil action the board's surcharge determination precludes relitigation of the issues underlying that determination. We affirm.

The parties agreed to the following facts. On March 14, 1978, a vehicle owned by Antone S. Almeida was damaged in a collision of motor vehicles. Almeida was insured under a standard Massachusetts motor vehicle liability policy issued by Travelers which provided limited collision coverage for the vehicle. Subsequent to the collision, Almeidà presented a claim to Travelers, seeking payment under the limited collision provisions of his policy for the damages sustained by the vehicle. Almeida's limited collision coverage, defined by statute, provides that the insurer shall pay the full amount of damages sustained to the insured vehicle, "provided the negligence attributable to [the] insured is fifty per cent or less." G. L. c. 90, § 34O, as appearing in St. 1976, c. 266, § 7.

After consideration, Travelers denied Almeida's claim because it determined that Almeida was more than fifty per cent at fault. Travelers also imposed a surcharge in accordance with the "merit rating" provisions of G. L. c. 175, § 113P, as amended through St. 1979, c. 192, which require that "[a]fter any collision, limited collision or property damage liability claim has been filed, the insurer shall determine whether the insured should be surcharged in accordance with [the] rules for determining fault in excess of fifty per cent to be promulgated by the board of appeals on motor vehicle policies and bonds . . . ."

After notification from Travelers of the imposition of a surcharge, Almeida filed a complaint which, in effect, was

"issue preclusion." See *Gidwani* v. *Wasserman,* 373 Mass. 162, 169 (1977); Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977). Accordingly, we describe the principle as issue preclusion in the balance of this opinion.

an appeal to the board from Travelers' determination that Almeida was surchargeable. A hearing was held in accordance with the provisions of G. L. c. 175, § 113P. At that hearing, a determination was made by the hearings officer that the surcharge was not imposed in accordance with the standards of fault promulgated by the board, and Travelers was ordered to rescind the surcharge. Subsequent to the rescission of the surcharge, Almeida renewed his claim of payment under the limited collision provision of his insurance policy. Travelers again denied his claim.

After this second denial, Almeida commenced a small claims action against Travelers for payment of the damages sustained to his vehicle. When the small claims action was called for trial, Almeida presented a motion for partial summary judgment, pursuant to Dist. Mun. Cts. R. Civ. P. 56 (1975). The motion was directed only to the liability aspect of the case. The motion sought to foreclose Travelers from contesting liability since, it was advanced, the board's revocation of the surcharge acted as a bar and conclusively established that Almeida was not more than fifty per cent negligent. This motion was allowed by the court and incorporated in its findings. The judge thereupon tried the matter as to damages only and found damages in the amount of $750. Pursuant to G. L. c. 90, § 340, he imposed a penalty of $500 upon Travelers and awarded attorney's fees of $350. Travelers appealed the matter to the Superior Court, under the provisions of G. L. c. 218, § 23. At the trial of the action in the Superior Court, the findings of the District Court judge were adopted by the presiding judge. He ruled that the finding and order of the board precluded Travelers from relitigating the issue whether Almeida was at fault in excess of fifty per cent. Travelers appealed, and we transferred the case to this court on our own motion.

Almeida contends that the determination by the board (regarding whether a surcharge was properly imposed) operates to preclude relitigation of his percentage of fault in a subsequent action between Travelers and himself. We note the similarities between the two determinations here in

question. Almeida has a "limited collision" policy with Travelers. Under that policy Travelers insured Almeida against loss in accidents in which he is fifty per cent or less at fault. G. L. c. 90, § 34O. Travelers' contractual liability therefore depends on the percentage of negligence attributable to Almeida in any collision. The same determining factor — the percentage of fault attributable to Almeida — will establish whether he is surchargeable for a collision. G. L. c. 175, § 113P. The percentage of fault attributable to Almeida thus determines whether he is to be reimbursed by Travelers according to their contract, and it determines whether Almeida is to be surcharged. The proceeding before the board thus established that Almeida was not at fault in excess of fifty per cent.[2]

The essential elements necessary to preclude relitigation of an issue are "identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction." *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933). The only questionable

---

[2] General Laws c. 175, § 113P, as amended through St. 1979, c. 192, provides in part: "If after a hearing, the board finds that the application of the surcharge was in accordance with the standards promulgated by the board [211 Code Mass. Regs. 74.00 (1978)] and the provision[s] of this section, it shall order the surcharge applied to the insured's next premium due. If the board finds that the insurer's application of said surcharge was not in accordance with said standards and provisions, it shall order the insurer to vacate said surcharge and delete it from any premium charged." We think that the word "provisions" refers to the four situations identified in subparagraphs (*a*) through (*d*) of § 113P in which the Legislature has described accidents not subject to surcharge.

The finding and order of the board stated that "the application of the surcharge was not in accordance with the standards of fault promulgated by the Board and the provisions of Section 113P of Chapter 175 of the General Laws," and the surcharge was vacated. Travelers was notified of its right to appeal but did not exercise this right. We accept the finding and order of the board as an adjudication on the merits that Almeida was not surchargeable. Since the only situation suggested here in which he would have been surchargeable would be one where he was at fault in excess of fifty per cent, the board's finding and order necessarily determines that Almeida was fifty per cent or less at fault. Travelers has suggested no alternate explanation of the board's finding and order.

elements here are the identity of the causes of action and whether the board is a "court of competent jurisdiction." However, even if the causes of action are not identical, under the doctrine of issue preclusion, as under the doctrine of collateral estoppel, the decision of the board is conclusive as to previously litigated issues essential to the decision, if the remaining elements identified above are satisfied. Restatement of Judgments § 68 (1942). Thus we examine only the element of issue preclusion yet to be satisfied — whether the board is, for the purposes of this case, a "court of competent jurisdiction."

Generally, in order to satisfy this element, it is necessary that the judgment be rendered by a tribunal recognized by law as possessing the right to adjudicate the controversy. Where power or jurisdiction over a subject is delegated to any public officer or tribunal and its exercise is confided to his or their discretion, the facts necessarily established by decisions lawfully made pursuant to that authority are binding and conclusive, except on appeal.[3] The obvious reason for such a rule is to prevent relitigation of an issue before a different tribunal. We observe that we would be required by G. L. c. 175, § 113P, and G. L. c. 30A, § 14, to uphold the board's decision on appeal if we found substantial supporting evidence and no other § 14 violation.[4] It would be anomalous if a party were entitled to assume a better position by not appealing the adverse decision of the board (thereby not having to establish the lack of substantial evidence), remaining free to relitigate the issue in subsequent proceedings where the burden of proof would be on the plaintiff. We agree with the Superior Court judge: "[Y]ou can't go before the Board of Appeals, lose there, and then sit back and wait for the Plaintiff to bring an inde-

---

[3] See, e.g., *CIBA Corp.* v. *Weinberger*, 412 U.S. 640 (1973); *Application of Rainer*, 377 F.2d 1006, 1010 (C.C.P.A. 1967).

[4] Statute 1979, c. 182, §§ 1, 2, amended G. L. c. 175, § 113P, which required a "summary hearing." The 1979 amendment stated explicitly that the provisions of the State Administrative Procedure Act would govern. G. L. c. 30A.

pendent action on the policy and then disregard the decision of the Board." We conclude that the board has determined that Almeida was fifty per cent or less at fault, and that this determination is conclusive in subsequent litigation between the parties.

*Judgment affirmed.*