BLUE HILLS REGIONAL DISTRICT SCHOOL COMMITTEE
*v.* MYRTLE R. FLIGHT & another.[1]

Norfolk. February 5, 1981. — June 1, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Arbitration,* School committee. *School and School Committee,* Arbitration, Collective bargaining. *Interest.*

An arbitrator's finding that a teacher was denied a promotion to an administrative position solely on account of her sex in violation of a collective bargaining agreement justified an award granting the teacher the promotion with back pay, and, in the circumstances, such an award did not trespass on the managerial authority of the school committee. [643-644]

CIVIL ACTION commenced in the Superior Court Department on July 2, 1978.

The case was heard by *Sullivan,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Maria J. Woodford (William F. Looney, Jr., & William J. Carr* with her) for the plaintiff.

*Alan J. McDonald (Gabriel O. Dumont, Jr.,* with him) for the defendants.

BRAUCHER, J. In grievance arbitration proceedings pursuant to G. L. c. 150E, § 8, the arbitrator determined that a school committee had violated its collective bargaining agreement by failing to promote a particular teacher to an administrative position because of her sex. He ordered that she be given the promotion and paid a salary differential and interest, and a judge of the Superior Court entered a judgment confirming the award, with a modification as to interest. The Appeals Court held that the grievance was arbitrable but that enforcement of the award "would con-

---

[1] Blue Hills Educational Association.

travene the non-delegability doctrine" and thus would be unlawful; the case was remanded to the arbitrator to fashion a new remedy. 10 Mass. App. Ct. 459, 466-469 (1980). We allowed the application of both parties for further appellate review. We uphold the decision of the Superior Court awarding the promotion to the grievant, and direct the entry of judgment confirming the award.

The facts found by the arbitrator are recounted at length in the opinion of the Appeals Court. In the spring of 1977 the grievant was a tenured teacher at the Blue Hills Regional Vocational-Technical School, and had served as department head of health services and culinary arts. She and thirty-seven others applied for the position of assistant director, vocational subjects. A man not on the staff of the school was recommended by the superintendent and appointed by the school committee. The arbitrator concluded that the grievant had been the victim of sex discrimination. He ordered that she be promoted to the position she sought and paid the salary differential between the two positions, with nine per cent interest from July 1, 1977, to the date of her appointment. The interest provision was later modified to eight per cent from September 18, 1978, the date the defendants filed an answer requesting confirmation of the award.

The collective bargaining agreement provided explicitly that appointments would be made without regard to sex, and the Appeals Court properly held that a claim of violation of that provision was arbitrable under the agreement. See *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 114 (1977); *School Comm. of New Bedford* v. *New Bedford Educators Ass'n*, 9 Mass. App. Ct. 793, 797-800 (1980); *Alexander* v. *Gardner-Denver Co.*, 415 U.S. 36, 55 (1974). But, the Appeals Court held, the enforcement of the award by compelling the school committee to appoint the grievant to the position sought "would contravene the non-delegability doctrine," intruding into the area of the school committee's nondelegable, managerial prerogative over educational policy. See *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n*, 375 Mass. 522, 525-526 (1978), and cases cited; Craver, The Judicial

Enforcement of Public Sector Grievance Arbitration, 58 Tex. L. Rev. 329, 350-353 (1980).

The Appeals Court decision is faithful to our decisions under the nondelegability doctrine, but we think an exception is called for. See *School Comm. of Braintree* v. *Raymond*, 369 Mass. 686, 689 (1976), where we suggested an exception if committee action was "a pretense or device actuated by personal hostility." Cf. *Cohoes City School Dist.* v. *Cohoes Teachers Ass'n*, 40 N.Y.2d 774, 777 (1976) (exception if tenure refused "for constitutionally impermissible reasons or in violation of statutory proscriptions"). Denial of promotion to a public employee because of her sex is constitutionally impermissible and violates statutory proscriptions, and makes appropriate an order granting the promotion with back pay. Art. 1 of the Declaration of Rights of the Massachusetts Constitution. G. L. c. 151B, §§ 1, cl. 5; 4, cl. 1. *Springfield Bd. of Police Comm'rs* v. *Massachusetts Comm'n Against Discrimination*, 375 Mass. 782 (1978). Decision by an arbitrator in such a case is no more intrusive than decision by an independent commission, and does not unreasonably trespass on the managerial authority of the employing agency. The school committee does not contend that the grievant was not qualified for the promotion, and we do not inquire further into the correctness of the arbitrator's decision of matters within his jurisdiction.

Hence we hold that the award of the arbitrator should be confirmed. If the grievant is to be awarded the promotion, the objection to an award of future compensation disappears. Contrast *School Comm. of New Bedford* v. *New Bedford Educators Ass'n*, 9 Mass. App. Ct. 793, 801-802 (1980). For the reasons given by the Appeals Court, we uphold the power of the arbitrator to commence the accumulation of interest on July 1, 1977, and to set the rate at nine per cent.

The case is remanded to the Superior Court for the entry of a judgment confirming the arbitrator's award.

*So ordered.*