KRENIE STOWE & another[1] *vs.* VINCENT BOLOGNA & another.[2]

Middlesex. February 1, 1993. - April 15, 1993.

Present: LIACOS, C.J., NOLAN, O'CONNOR, & GREANEY, JJ

*Administrative Law*, Preclusive effect of decision, Adjudicatory proceeding. *Rent Control*, Rent overcharge. *Practice, Civil*, Attorney's fees.

A rent control board's 1992 reexamination of classification of a particular building for purposes of future rent control regulation did not have retroactive effect to "correct" a 1987 decision of the board that was significantly different and from which no appeal had been taken. [21-22]

In an action by a tenant against landlords for violation of the Cambridge Rent Control Act, St. 1976, c. 36, § 11 (*a*), by charging more rent than was permitted, the prevailing plaintiffs were entitled to reasonable appellate attorney's fees pursuant to that statute. [22-23]

CIVIL ACTION commenced in the Superior Court Department on December 11, 1987.

A motion for summary judgment was heard by *Robert J. Hallisey*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Patrick W. Hanifin* (*Stephen S. Ostrach* with him) for the defendants.

*Mark D. Stern* (*Brian W. Mellor* with him) for the plaintiffs.

*Patricia A. Cantor*, for Cambridge Rent Control Board, amicus curiae, submitted a brief.

*John Reinstein, Jeffrey W. Purcell, Allan G. Rodgers, Elaine Epstein, Jerry E. Benezra & Neil Sugarman*, for

---

[1]Marie Stowe.
[2]310 Corporation.

Civil Liberties Union of Massachusetts & others, amici curiae, submitted a brief.

O'CONNOR, J. After a rehearing, 32 Mass. App. Ct. 612, 613 (1992), the Appeals Court affirmed an award in the Superior Court of summary judgment to the plaintiff tenants on their claims that the defendant landlords, first Vincent Bologna and then 310 Corporation, had violated the Cambridge Rent Control Act, St. 1976, c. 36, § 11 (*a*), by charging more rent than was permitted by the rent control board of Cambridge (board). The case is before us on further appellate review of that issue and of the Appeals Court's denial of the plaintiffs' request for an award of appellate attorney's fees. We affirm the judgment entered in the Superior Court substantially for the reasons set forth by the Appeals Court. 32 Mass. App. Ct. 612 (1992). We conclude that the plaintiffs are entitled to reasonable appellate attorney's fees incurred in the Appeals Court and this court. We refer the matter to a single justice of this court for a determination of reasonable fees.

The judge who granted summary judgment to the plaintiffs relied on a 1987 decision of the board from which no appeal was taken. Whether there had been overcharges depended on whether the units rented by the plaintiffs were "controlled" and, if they were, what the allowable rent was. In its 1987 decision, the board determined that the units were controlled and that overcharges had occurred. The Appeals Court agreed with the judge in the Superior Court that the board's decision should be given preclusive effect. 31 Mass. App. Ct. 1119 (1991). See 32 Mass. App. Ct. at 613. In January, 1992, the landlord filed an application for rehearing in the Appeals Court based on a decision by the board earlier that month that significantly differed from its 1987 decision. In its January, 1992, decision, the board determined that three units that had been rented by the plaintiffs were exempt from rent control. If that decision were to be viewed as a retroactive correction of its 1987 decision, the plaintiffs' rent overcharge claims would be considerably diminished. The Appeals Court granted the rehearing and

again affirmed the judgment entered in the Superior Court. 32 Mass. App. Ct. at 619.

As the Appeals Court states, 32 Mass. App. Ct. at 615, "[a] final order of an administrative agency in an adjudicatory proceeding, not appealed from and as to which the appeal period has expired, precludes relitigation of the same issues between the same parties, just as would a final judgment of a court of competent jurisdiction. *United States* v. *Utah Constr. & Mining Co.*, 384 U.S. 394, 421-422 (1966). *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226, 229-230 (1980). Davis, Administrative Law Treatise § 21.2 (2d ed. 1983)." The plaintiffs and the defendants were parties to the 1987 board hearing. In that proceeding, the plaintiffs argued that the defendants had overcharged them rent and the defendants argued that the units were exempt from rent control. The board resolved both issues in favor of the plaintiffs. The defendants did not appeal. Thus, as the Appeals Court held, regardless of what the board determined in its 1992 hearing the defendants cannot relitigate the issue of rent overcharges and exemption from rent control with respect to the units rented by the plaintiffs.

In addition to its determination that principles of res judicata and issue preclusion require that finality be given to the board's 1987 decision, the Appeals Court concluded that the board had not intended that the January, 1992, hearing would constitute a reopening of the proceedings that occurred in 1987. 32 Mass. App. Ct. at 615-617. As the Appeals Court observed, the defendants had not moved the board to reopen the 1987 case. Instead, in 1992 they brought a new petition to have four units declared exempt from rent control as newly constructed units. The plaintiffs at that time were no longer tenants. We agree with the Appeals Court that the purpose of the 1992 hearing was to revisit the unit classification question solely for the purpose of future regulation. See *Ramponi* v. *Selectmen of Weymouth*, 26 Mass. App. Ct. 826, 829-830 (1989).

We turn now to the plaintiffs' request for appellate attorney's fees. Statute 1976, c. 36, § 11 (*a*), provides in material

part, "Any person who demands, accepts, receives or retains any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this act or any regulation or order hereunder promulgated, *shall be liable* as hereinafter provided to the person from whom such payment is demanded, accepted, received, or retained . . . *for reasonable attorney's fees* and costs as determined by the court" (emphasis added). "The statutory provisions for a 'reasonable attorney's fee' would ring hollow if it did not necessarily include a fee for the appeal. The right to appellate attorney's fees under [similar] statutes is beyond dispute." *Yorke Management* v. *Castro*, 406 Mass. 17, 19 (1989) (party's right to obtain attorney's fees pursuant to G. L. c. 186, §§ 14, 18 and c. 93A, § 9 [4], includes attorney's fees for appeal).

We affirm the judgment entered in the Superior Court. Also, we refer this matter to a single justice of this court for a determination of reasonable appellate attorney's fees in the Appeals Court and this court based on appropriate submissions by the plaintiffs (and a hearing if requested by any party). See *Yorke Management, supra* at 20.

*So ordered.*