Fremont-Smith, J.
Plaintiff Barbara Lombardi brought this action to recover for personal injuries allegedly suffered in an automobile accident. The second plaintiff, Loretto Lombardi, the driver of the car in which Barbara Lombardi was a passenger, seeks damages for loss of consortium. The defendants, Veronica Harrington (owner of the second car) and Edward Walsh (the driver of the second car), brought a counterclaim for contribution against Loretto Lombardi alleging that his negligence was a direct and proximate cause of Barbara Lombardi’s injuries and, therefore, he is jointly liable for Barbara Lombardi’s injuries. Previous to this action, Harrington had sued Loretto Lombardi and Walsh in small claims court claiming that the negligence of one or both parties caused damage to her automobile. The judge found in favor of Loretto Lombardi on this claim. The plaintiffs now move pursuant to Mass.R.Civ.P. 12(b)(6) to dismiss the counterclaim asserting that the issue of Loretto Lombardi’s negligence has been previously litigated and therefore, the counterclaim is barred by the doctrines of res judicata and collateral estoppel. Because the small claims decision has been submitted by the plaintiffs, the court will treat the motion as one for summary judgment pursuant to Mass.R.Civ.P. 56(c).
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates the award of summary judgment. Kourouvacilis v. General Motors Corp. 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
*552 Under the doctrine of res judicata, a party is precluded from relitigating issues that were the subject of a previous adjudication between the same two parties or their privies. Bagley v. Moxley, 407 Mass. 633, 636-37 (1990). “The essential elements necessary to preclude relitigation of an issue are ‘identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.’ ” Almeida v. Travelor Ins. Co., 383 Mass. 226, 229 (1981), quoting Franklin v. North Weymouth Cooperative Bank, 283 Mass. 275, 280 (1933).
The small claims action determined who was liable for the damage to Harrington’s automobile. It did not seek to determine the issue in dispute in the case at bar, namely, whether Loretto Lombardi was at all negligent (therefore making him jointly liable in tort for the injuries to Barbara Lombardi, pursuant to G.L.c. 23 IB §1). Thus, the small claims judge may have concluded that Harrington’s agent, Walsh, was more than 50% at fault, and therefore have found for Lombardi. The judge did not necessarily find that Loretto Lombardi was not negligent to some degree, and any degree of negligence would permit Harrington and Walsh to obtain contribution from Loretto Lombardi for any recovery by Barbara Lombardi. Because the issues actually determined in the small claims action have not been shown to be the same, that decision does not bar Harrington and Walsh’s counterclaim for contribution.
ORDER
For the foregoing reasons, the plaintiffs motion to dismiss, treated here as one for summary judgment, is DENIED.

 Because the plaintiffs presented extraneous material, the court treats the motion to dismiss as one for summary judgment pursuant to Mass.R.Civ.P. 56(c).