Welch, J.
The defendant seeks summary judgment on the grounds that the plaintiffs have failed to demonstrate a reasonable expectation of proving causation in this legal malpractice action. In the context of this case, the causation may be articulated as “but for the defendant’s alleged failure to file the dental malpractice complaint within the statute of limitations, the plaintiff might well have recovered damages on her dental malpractice claim.” At the hearing on this motion, the defendant argued that because the Board of Registration in Dentistry issued an administrative determination that Drs. Miller and Swift’s care of plaintiff Sullivan appeared proper, principles of res judicata or collateral estoppel prohibit any further litigation of this matter. In other words, the adverse Board of Registration in Dentistry decision (which apparently was not appealed by the plaintiffs) is binding on the issue of dental malpractice liability and, thus, prevents the plaintiffs from establishing the causation requirement in this case.
Considering the facts in the light most favorable to the plaintiffs, the following scenario emerges. In November of 1990, Mr. Joseph Regan, acting as legal counsel to the plaintiffs, suggested that they file a complaint with the Board of Registration in Dentistry regarding the treatment that Deirdre Sullivan received at the hands of dentists Miller and Swift. At the time this advice was provided, Attorney Regan was hoping that he and his clients might obtain a certain amount of discovery into the two dentists’ knowledge and treatment. Attorney Regan also appears to have considered the possibility that a favorable decision from the Board of Registration in Dentistry might assist him in any malpractice tribunal that would be held in connection with the filing of the dental malpractice complaint. Attorney Regan considered the filing of an informal complaint with the Board of Registration of Dentistry to be a “simultaneous investigation” which (he advised) should be initiated by Deirdre Sullivan and her father Joseph Sullivan in their personal capacity because proceedings before the Board of Registration of Dentistry are “consumer initiated and oriented.” See letter of Attorney Regan dated April 5, 1990. Attorney Regan provided some professional advice in connection with the informal complaint filed by the Sulllivans with the Board of Registration. For example, he suggested the broad outlines of what the complaint should contain and he reviewed the informal complaint before it was submitted to the Board of Registration in Dentistry. See letters of Attorney Regan dated April 5, 1990 and November 25, 1990. At no point did Attorney Regan or his clients consider that the proceeding before the Board of Registration would have any sort of preclusive effect upon the filing of a civil action in the Superior Court. Indeed, the assumption was that the filing of an informal “consumer oriented” complaint before the Board of Registration might only serve as a helpful preliminary to the filing of a civil action in the Superior Court alleging dental malpractice.
The Board of Registration in Dentistry provided some sort of hearing on the informal complaint filed by the Sullivans. The Sullivans were not represented by counsel at the hearing. Various documents were submitted by the Sullivans to the Board of Registration and by the two doctors (Miller and Swift). In addition, the dentists (both who were represented by attorneys at hearing) and (apparently) Deirdre Sullivan testified.
The Board concluded, that it did not “find evidence that justifies initiating formal disciplinary action against either Dr. Miller or Dr. Swift.” This conclusion was stated in the form of a letter dated July 3, 1991 from the chairman of the Board to Mr. Sullivan. The letter (one and one-half pages in length) briefly sets forth the conclusions of the Board. The hearing was apparently held pursuant to M.G.L.c. 112, §52Fwhich provides that the Board of Registration in Dentistry may “without a hearing, suspend or refuse to renew a registrant’s license if the Board finds that the health, safely or welfare of the public warrants such summary action; provided, however, that the Board shall, within seven days of such summary action, afford the registrant an opportunity of a hearing pursuant to c. 30A ...” A regulation also has been promulgated, 234 CMR 2.01 (7)(I), that provides:
It is the policy of the Board of Registration in Dentistry that all cases of complaint for . . . any professional controversy in regards to work allegedly contracted for between a dentist and patient be acted upon by a committee of two members of the Board, one being the secretary. If this is not satisfactory to the complainant, he may appeal to the full Board.
In order for the doctrine of issue preclusion or collateral estoppel to apply, there must not only be *389 identical (or similarly situated) parties but also an identity of issues or causes of action and a prior final judgment upon the merits by a court of competent jurisdiction. In many circumstances, final, un-appealed decisions of administrative boards may be considered, for purposes of collateral estoppel, final judgments of courts of competent jurisdiction. See Stowe v. Bologna, 415 Mass. 20, 22 (1993); Almeida v. Travelers Insurance Co., 383 Mass. 226, 229-30 (1980). A court of competent jurisdiction (be it an actual court or an administrative agency) is one which is “recognized by law as possessing the right to judicate the controversy.” Brunson v. Wall, 405 Mass. 446, 450 (1989) (MCAD competent to adjudicate discrimination claims). See also, Almeida v. Travelers Insurance Co., supra (Board of Appeals on Motor Vehicle Liability Policies considered court of competent jurisdiction to adjudicate whether insurance company properly imposed surcharge pursuant to M.G.L.c. 175, §113P); Corrigan v. General Electric Co., 406 Mass. 478, 479 (1990) (Industrial Accident Board considered court of competent jurisdiction for collateral estoppel purposes concerning Workers’ Compensation claim).
Where the Legislature clearly has indicated an intention to provide an agency the right to adjudicate a particular type of controversy, the Supreme Judicial Court consistently considers those prior administrative decisions (if they are final decisions) as adequate adjudications for the purposes of collateral estoppel. This doctrine has the salutary effect of having various specialized administrative agencies hear particular controversies (such as industrial accidents, claims of discrimination, or automobile insurance surcharges) in an efficient manner. The Supreme Judicial Court has emphasized that there would be a degree of unfairness if one could seek to obtain relief before an administrative body and then, taking another bite of the proverbial apple, ignore a previous adverse decision and relitigate the matter afresh in Superior Court. Almeida v. Travelers Insurance Co., 383 Mass. at 230-31.
In the present case, however, the Legislature has not clearly recognized the Board of Registration in Dentistry as being an administrative body that has the right to adjudicate a dental malpractice controversy. The Legislature has provided the Board of Registration in Dentistry the right to suspend a dentist’s license together with the right of the dentist to obtain a hearing before the Board. M.G.L.c. 112, §52F. That is not the same as the Legislature defining a hearing procedure before the Board of Registration in Dentistry that provides various claimants the right to seek damages for alleged dental malpractice. The suspension of a license does not necessarily equate with a finding that a dentist may have committed malpractice. A comparison between the rather sparse provisions of c. 112, §52F and legislation which sets forth in detail the claims procedure before the Industrial Accident Board or the Massachusetts Commission against Discrimination is telling. For example, the statute setting forth the MCAD’s ability to hear complaints alleging unlawful employment practices is extremely detailed and specific. See e.g., M.G.L.c. 151B, §5. As with industrial accidents or motor vehicle insurance surcharges, the Legislature has clearly indicated in its laws that it anticipates the MCAD (an agency specialized in enforcing this area of law) to hear and decide claims of employment discrimination. In regards to the Board of Registration in Dentistry, the Legislature is silent on such matters as whether a person claiming dental malpractice is required to exhaust his or her administrative remedies before the Board of Registration before filing suit or what type of hearing is to be held on a dental malpractice claim, or what types of appeal could be taken from an adverse Board decision. All of this indicates that the Legislature has not yet made a determination that the Board of Registration in Dentistry is a court of competent jurisdiction to resolve claims of dental malpractice. The fact that the Board has promulgated certain regulations pursuant to c. 113, §52F (see 234 CMR2.01(7)(I), adds very little because such regulations only reflect the policy of the Board of Registration and not the will of the Legislature. Therefore, the Board of Registration in Dentistry’s decision on the plaintiffs’ malpractice claim does not have preclusive effect in this litigation.
Even if the Board’s determination did have preclu-sive effect, the plaintiffs still have a viable legal malpractice claim. As the plaintiffs argue, there is a genuine issue of material fact regarding whether Attorney Regan committed malpractice in advising his clients to go (unrepresented) before the Board of Registration in Dentistry. In other words, if the Board’s decision would have a preclusive effect on the issue of dental malpractice liability, would a reasonable attorney advise his clients that the Board conducted a “consumer initiated and oriented proceeding” and that a party should present its claim before the Board without being represented by counsel.
In either event, I find that there exist material issues of fact concerning causation. Therefore, the defendant’s motion for summary judgment is denied.