Cratsley, J.
Pursuant to G.L.c. 151B, §6, the plaintiff, Rafael Alonzo, brought this action seeking judicial review of a decision of the Massachusetts Commission Against Discrimination (hereinafter “MCAD”), dated January 26, 1996, dismissing Alonzo’s complaint of discrimination against his former employer, the Marriott Corporation (hereinafter “Marriott”). MCAD found that Marriott did not terminate Alonzo on the basis of race, color, or national origin. For reasons set forth below MCAD’s decision is hereby AFFIRMED.

PROCEDURAL HISTORY

On December 7, 1992, Rafael Alonzo filed a complaint with MCAD alleging employment discrimination by the Marriott. Alonzo alleged that he was terminated from his job as a banquet aisle attendant because he is of Puerto Rican descent. On August 9 and 10, 1994 the facts of this dispute were heard by Eugenia Gustaferri, a Hearing Officer for MCAD. On July 20, 1995, the Hearing Officer issued Findings of Fact and Conclusions of Law stating that the Marriott’s reasons for terminating Alonzo were not a pretext for discrimination. The full Commission of MCAD affirmed the decision of the Hearing Officer on January 26, 1996. On March 1, 1996 Alonzo filed an appeal to the Superior Court seeking review of MCAD’s decision pursuant to M.G.L.c. 151B and M.G.L.c. 30A.[1]

FACTS

The following facts are based upon the August 9 and 10, 1994 public hearing and the findings of MCAD’s Hearing Officer:
According to Marriott policy a suspension pending termination usually results if an employee has received three written warnings within a one-year period. (Finding 8.) On July 20, 1991, Gene Manning, Director of Catering gave Alonzo a written warning for leaving his work area for twenty minutes without authorization. (Finding 9.) Alonzo received a second written warning from his supervisor, Robert Goehring, on January 6, 1992 for failing to complete a work assignment and for insubordination. (Finding 11.) On March 14, 1992, Alonzo received a third written warning, signed by Laura Probert for violating a policy requiring employees who expect to be late to telephone a supervisor at least two hours before the start of a shift. (Finding 13.)
On June 5, 1992 Alonzo did not report to work and did not call his supervisor, and was therefore suspended by Mr. Montalto. Alonzo testified at the MCAD hearing that the suspension was not justified because his supervisor, Robert Goehring, had given him permission to take the day off and that Lincoln Bulgin was supposed to cover his shift. (Finding 14.) However, both Goehring and Bulgin testified that Alonzo was not given permission to take the day off. Furthermore, Bulgin testified that he told Alonzo he could not work for Alonzo on June 5, 1992. (Finding 14.)
In support of Alonzo’s claim that he was fired for a discriminatory purpose, Alonzo testified that on one occasion Montalto called him a “fucking Puerto Rican” and that Montalto treated minority employees more harshly than white employees. (Finding 18.) However, Bulgin, an African-American employee, testified that he never observed Montalto treat any group of employees differently from any other group. The Hearing Officer found Bulgin to be a credible witness. (Finding 18.)

DISCUSSION

The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 11 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing the agency’s decision, the court is required to give due *479 weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcohol Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcohol Beverages Control Comm’n, 372 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982). New claims may not be raised on appeal if they were not raised at the administrative appeal. M.H. Gordon & Son, Inc. v. Alcohol Beverages Control Comm’n, 386 Mass. 64, 73 (1982); Shamrock Liquors, Inc. v. Alcohol Beverages Control Comm’n, 7 Mass.App.Ct. 333, 335 (1979). A reviewing court may order that “additional evidence be taken before the agency” only upon a showing that it is “material” and that there was “good reason” for failure to present it in the original proceeding. Benmosche v. Board of Registration in Medicine, 412 Mass. 82, 88 (1992).
Pursuant to G.L.c. 15133, §6 the decision of the hearing commissioner must be reviewed in accordance with one standard of review set forth in G.L.c. 30A, §14(7). “In G.L.c. 15113, the Legislature has given the Commission broad powers to receive, investigate and act on discrimination.” East Chop Tennis Club v. Massachusetts Comm’n Against Discrimination, 364 Mass. 444, 450 (1973). A reviewing court must “not lightly interfere with that mandate by permitting [its] judgment to be substituted for the Commission’s on issues that lie within the latter’s designated field,” for “[t]o do so would render meaningless the administrative scheme enacted by the Legislature.” Id. Accordingly, the court must defer to the fact-finding function of the Commission, “including its right to draw reasonable inferences from the facts found,” where there is substantial evidence to support its findings and there is no error of law. Weelock College v. Massachusetts Comm'n against Discrimination, 371 Mass. 130, 132-133 (1976); Springfield Board of Police Commissioners v. Massachusetts Comm’n Against Discrimination, 375 Mass. 782, 782 (1978); Smith College v. Massachusetts Comm’n Against Discrimination, 376 Mass. 221, 224 (1978). “Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.” Bournewood Hosp., Inc. v. MassachusettsComm’nAgainstDiscrimination, 371 Mass. 303, 317, (1976), citing G.L.c. 30A, §1(6).

A. Alonzo did not establish a prima facie case of discrimination.

The plaintiff has the initial burden of establishing a prima facie case of discrimination. The burden then shifts to the defendant to produce a lawful explanation for its actions supported by credible evidence. Lewis v. Area II Homecare for Senior Citizens, 397 Mass. 761 (1986). Finally, the plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the stated reasons were not the real reasons, but were a pretext for discrimination. Weelock, 371 Mass. at 138-39.
In order to prove a prima facie case of discrimination, Alonzo must establish: (1) that he is a member of a protected class; (2) that he was satisfying the normal requirements of his job; (3) and that he was terminated under circumstances that give rise to an inference of discrimination. MCAD found that Alonzo was not satisfying the normal requirements of his job. In light of Alonzo’s questionable disciplinary record, Marriott had legitimate non-discriminatory reasons for terminating Alonzo.
The Court must defer to the fact-finding function of the Commission, “including its right to draw reasonable inferences from the facts found,” where there is substantial evidence to support its findings and there is no error of law. Weelock College, 371 Mass. at 132-33. MCAD could have reasonably inferred that Alonzo was fired because he received three written warnings in eight months, (Findings 8,9,11,13) and then did not show up for work on June 5, 1992. Therefore, Marriott had a lawful explanation for its actions supported by credible evidence.
Alonzo then failed to show that the reasons stated by Marriott for his termination were not the real reasons but a pretext for discrimination. Even though Alonzo testified to a discriminatory comment made by Montalco, there was no evidence presented to the Hearing Officer that those responsible for issuing the written warnings (Gene Manning, Robert Goehring, and Laura Probert) were motivated by any discriminatory intent. The disciplinary warnings came from three different people and a fourth person, Montalto, fired Alonzo. Therefore, MCAD could have reasonably concluded that Marriott’s termination of Alonzo was not motivated by race.
It is not this Court’s place to second-guess the conclusions of MCAD when it appears that there was “substantial evidence” to support MCAD’s finding. In light of the lack of evidence of discriminatory purpose and the abundance of evidence showing inadequate performance, the Hearing Officer had substantial evidence to support its finding that Marriott did not violate G.L. 15113.

*480
B. MCAD did not err in excluding the DET findings.

Alonzo argues that MCAD erred in excluding the findings of the Department of Employment and Training (DET) from the MCAD hearing. Prior to the MCAD hearing, DET found that Alonzo did not show up for work on June 5, 1992 because he believed he had the day off. DET concluded that Alonzo was eligible to receive unemployment compensation. Alonzo argues that because this issue was decided by DET prior to the MCAD hearing, Marriott should have been precluded from re-litigating the issue before MCAD and the DET finding should have been given preclusive effect.
The elements necessary for issue preclusion are “identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction. Almeida v. Travelers Insurance Co., 383 Mass. 226, 229 (1981). Alonzo’s issue preclusion argument fails for two reasons: (1) because the DET proceeding and the MCAD hearing did not involve the same cause of action or identical issues and (2) because even if the issues were identical the DET finding would not have been given preclusive effect.
The DET considered the issue of whether Alonzo was entitled to employment compensation benefits, whereas MCAD considered the issue whether the Marriott had a discriminatory motive in terminating Alonzo’s employment. Even though the DET’s factual findings may have overlapped with the facts presented to MCAD, the ultimate issue in the MCAD proceeding was simply different from the issue presented to the DET.
Furthermore, even if the issues were identical, Massachusetts Courts would refuse to give DET “findings preclusive effect in any subsequent litigation due to the disruptive effect allowing preclusion would have upon the unemployment compensation system.” Milton Bradley Company v. Magdalene Diamantis, No. 85-009-F (D.Mass. Oct. 9, 1986) (Freedman, J.) (the Court refused to give Department of Employment Security “DES” findings preclusive effect in subsequent litigation). Affording issue preclusion “to unemployment benefit determinations would likely undermine both the policy of prompt determinations of benefits and the primary purpose of [issue preclusion] itself by encouraging needless litigation at the agency level.” Id.
In addition, MCAD’s failure to consider as evidence DET’s finding that Alonzo believed he had the day off on June 5, 1992 did not prejudice Alonzo. DET’s finding that Alonzo believed he had the day off and was entitled to compensation benefits was immaterial with respect to the issue of whether Marriott acted with discriminatory intent. Therefore, MCAD did not err in excluding DET's findings from the MCAD hearing.
C. There is no additional material evidence to remand to MCAD.
A reviewing court may order that “additional evidence be taken before the agency" only upon a showing that it is “material” and that there was “good reason” for failure to present it in the original proceeding. Benmosche, 412 Mass. at 88. A remand is required where if believed, the additional evidence might have been controlling as to the ultimate decision. Katz v. Massachusetts Commission Against Discrimination, 365 Mass. 357, 364 (1974).
Alonzo argues that there is additional evidence to support his claim of discrimination and that the matter should be remanded to MCAD to present this additional evidence. The purported additional evidence is a letter dated February 12, 1996, signed and notarized by Lincoln Bulgin which states that Bulgin was supposed to work on June 5, 1992 for Alonzo. This contradicts Bulgin’s testimony from the August 9 and 10, 1994 MCAD hearing. However, there is some dispute as to the validity of this notarized letter. Marriott has submitted an affidavit also signed and notarized by Bulgin in which Bulgin disclaims any knowledge of this February 12, 1996 letter. (Exhibit “A.’j
Regardless of which document, the letter or the affidavit, is the accurate account of events, this additional evidence may not be taken before MCAD because is it not “material.” Whether or not Alonzo was supposed to work on June 5, 1992 is immaterial with regard to the claim of discrimination. Marriott would have been justified in terminating Alonzo based upon his first three written warnings. The June 5, 1992 incident would have been Alonzo’s fourth infraction. Therefore, it is immaterial that Alonzo has produced a letter in which Bulgin appears to be changing his testimony about the events that took place June 5, 1992. Accordingly, Alonzo’s request that the matter be remanded to MCAD to hear this additional evidence is denied.
In summary, MCAD’s finding that Alonzo did not prove a prima facie case of discrimination was based on substantial evidence that Alonzo was not performing his job satisfactorily. Secondly, MCAD did not err in excluding DETs findings from the MCAD hearing. Finally, Alonzo has not put forth any additional material evidence to warrant that the case be remanded to MCAD.

ORDER

For the foragoing reasons, it is hereby ORDERED that the plaintiffs appeal of MCAD’s decision is DENIED, and the decision of MCAD is AFFIRMED.

Review must be commenced in Superior Court within 30 days of receipt of notice of the final decision of the agency. M.G.L.c. 30A, §14(1). The clerk must receive the complaint within 30 days. Harper v. Division of Water Pollution Control, 412 Mass. 464 (1992). This requirement is jurisdictional and cannot be waived. Board of Appeals of Rockport v. DeCarolis, 32 Mass.App.Ct. 348, 352 (1992).