Butler, J.
The plaintiff, Frank DiScipio, appeals from a decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds upholding a hearing officer’s determination that an insurance surcharge should be imposed as a result of an accident in which the hearing officer deemed the plaintiff to be more than 50% at fault.

BACKGROUND

On April 1, 2000, the plaintiff was involved in a two-car accident in which the other operator struck the plaintiffs vehicle broadside on the driver’s side. At the time of the accident, the plaintiff was turning left across Shrewsbury Street during a break in the traffic coming from both directions. There was no sign posted prohibiting such a left hand turn.
A police officer called to the scene of the accident gave the plaintiff a citation.[1] On June 9, 2000, the plaintiff attended a hearing before a clerk magistrate, who found the plaintiff “responsible.” The plaintiff appealed that decision to a judge, who found the plaintiff “not responsible” when the police officer did not appear due to a mix-up. Another hearing, at which the police officer did appear, was held on July 28, and the plaintiff once again was found “not responsible” by a judge of the district court, after a hearing on the merits.
Thereafter, the plaintiffs insurer notified him that, under the Safe Driver Insurance Plan, a surcharge would be imposed as required by G.L.c. 175, §113B because a determination had been made by the insurer that the plaintiff was more than 50% at fault for the accident.[2] The notice cited Standard of Fault code #15,[3] “collision while making a left turn or u-turn across the travel path of a vehicle traveling in the same or opposite direction."
The plaintiff has appealed, pursuant to G.L.c. 175, §113P, contending that the ruling of the Board of Appeals in upholding the decision of the hearing officer was arbitrary and capricious, and should be vacated.

DISCUSSION

A person challenging the validity of an agency’s decision bears the burden of proof that the decision is based on insufficient evidence, is based on an error of law, or is arbitrary and capricious. 30A, §14.[4] Deference is given to the expertise of the agency, G.L.c. 30A, §14(7), and a reviewing court is not to substitute its judgment for that of the agency, even if the reviewing court would have taken a different view of the evidence. Merisme v. Board of Appeals on Motor Vehicle Liability Policies & Bonds, 27 Mass.App.Ct. 470, 473 (1989).
Here, there was sufficient evidence for the Board to affirm the finding of the hearing officer that the plaintiff had been struck while making a left turn, thus triggering the presumption of Standard #15. Although the findings of the hearing officer refer to a “u-turn," the plaintiff concedes that he made a left turn on Shrewsbury Street, and was struck in the process by a car traveling in the same direction. Under the statutory framework, a collision occurring under such circumstances creates a presumption, which is rebut-table, that the plaintiff was more than 50% at fault.
However, the board made an error of law in the manner in which it addressed the significance of the “not responsible” finding in the district court. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. at 473 (to the extent that an agency determination involves a question of law, it is subject to de novo judicial review). The board ruled that the “not responsible” finding had no collateral effect upon the proceedings before the hearing officer, because the plaintiff had not established that the issue decided previously was identical to the one before the board, that the parties were the same or in privity, or that there was a final judgment on the merits.
While the Commonwealth, which issued the citation, was not in privity with the insurance company which imposed the surcharge or the board which upheld the imposition of the surcharge, the issue in the district court — whether the plaintiff failed to yield the right-of-way to another vehicle as he executed a left turn was sufficiently identical to the issue presented to the hearing officer to preclude relitigation of it. Where the defendant was found after a hearing on the merits to have violated no law when he executed his turn, that finding, in the absence of contrary evidence, operates to overcome the statutory presumption of fault. Cf. Almeida v. Travelers Ins. Co., 383 Mass. 226, 230 (1981) (decision by board of appeals reversing surcharge imposed by insurer precludes relitigation of issue between insurer and insured).
Accordingly, the decision of the Board upholding the surcharge is set aside.

*509
ORDER FOR JUDGMENT

Judgment shall enter for the plaintiff, Frank DiScipio. The decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds is set aside.

 The record does not contain the citation itself or any detailed information concerning it. The police officer’s report of the accident does not indicate that a citation issued. From all available evidence in the record, including reasonable inferences, presumably the citation which did issue was for failing to yield right of way. See G.L.c. 89, §8; G.L.c. 90, § 14.

 The insurer had paid a claim in excess of $500.00 to the other driver.

 211 C.M.R. §74.04(15).

 Other grounds enumerated in the statute are not applicable.