ALBERT BANNISTER, JR. *vs.* COMMONWEALTH.

Suffolk. September 10, 1991. - October 3, 1991.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Collateral Estoppel. Practice, Civil,* Discovery.

A plaintiff was not entitled to invoke the doctrine of issue preclusion to bar relitigation of the issue of liability, where he did not meet his burden of showing that a special finding in his favor in an earlier Federal court action had been essential to the judgment in that action. [131-132]

In a civil action it was within the discretion of the trial judge to reconsider the monetary sanctions that a different judge had imposed on a party for failure to comply with discovery requests. [132]

CIVIL ACTION commenced in the Superior Court Department on September 20, 1985.

The case was tried before *J. Owen Todd*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Richard L. Neumeier* for the plaintiff.

*Eleanor L. Coe*, Assistant Attorney General, for the Commonwealth.

NOLAN, J. The plaintiff brought this action under G. L. c. 258 (1990 ed.), the Massachusetts Tort Claims Act, for injuries sustained on October 4, 1982, while he was a prisoner at the Massachusetts Correctional Institution, Walpole (M.C.I., Walpole). The injuries arose out of an altercation which followed the plaintiff's assault on another inmate. The gist of the plaintiff's action is the failure of the authorities at M.C.I., Walpole to provide him with protection from retaliation.

Prior to commencing the present action, the plaintiff sought relief in the United States District Court for the District of Massachusetts under 42 U.S.C. § 1983 (1988). In

that action, the named defendants were Joseph Ponte, the superintendent of M.C.I., Walpole; Michael Corsini, the unit manager at M.C.I., Walpole; and Frank Millette, David Pietrewicz, and Joseph Carey, all members of a disciplinary board at the institution. The judge in the Federal action propounded special questions to the jury concerning the liability of these defendants. In all but one instance, the jury responded in the negative to questions concerning the liability of the defendants. In the case of Corsini, the jury's answer was, "Yes," to the following question: "Has Mr. Bannister proved, by a preponderance of the evidence, that Michael Corsini's acts or omissions showed a deliberate indifference, on the part of Mr. Corsini, to Mr. Bannister's need for physical protection at M.C.I. Walpole?" The Federal jury returned a verdict in favor of all the defendants and the plaintiff did not appeal from this judgment.

In the State action, both the plaintiff and the Commonwealth moved for summary judgment. The plaintiff's ground for his motion was the arguably preclusive effect of the answer to the question set forth above on the issue of liability. The trial judge denied both motions. The action went to trial and at the close of the evidence the plaintiff moved for a directed verdict on the same ground asserted in his motion for summary judgment. After the judge denied the motion, the jury returned a verdict in favor of the Commonwealth. The plaintiff's posttrial motions for a new trial, for judgment notwithstanding the verdict, and to correct the judgment were all denied. The plaintiff appealed and we granted his application for direct appellate review.

1. *Issue preclusion.* A plaintiff who seeks to bar the relitigation of the issue of liability has the burden of showing that the special finding in the earlier action was essential to the earlier judgment. *Cambria* v. *Jeffery*, 307 Mass. 49 (1940). The plaintiff has not met this burden. Cf. *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 451-456 (1968). We have not relaxed our insistence on the essentiality requirement since *Home Owners*. See *Rudow* v. *Fogel*, 376 Mass. 587, 591-592 (1978).

The record is entirely silent as to the essentiality of the finding. In fact, the judgment for all the defendants in the Federal action makes it difficult to understand how the finding pursuant to the special question had any bearing on the judgment. Accordingly, it is not necessary for us to determine the difference, if any, between negligence required for recovery under G. L. c. 258, and deliberate indifference required under 42 U.S.C. § 1983.

2. *Award of sanctions.* Prior to trial, the plaintiff filed various discovery motions and a motion for sanctions in the amount of $500 for the failure of the Commonwealth to respond. A judge other than the trial judge allowed the motion and the Commonwealth moved for reconsideration. After trial, when judgment was entered for the Commonwealth on the merits of the case, the plaintiff moved to correct the judgment by adding the $500 sanction against it. The trial judge denied the motion. It was within the discretion of the trial judge to reconsider the sanctions. There was no showing of prejudice by the plaintiff, and the Commonwealth filed an affidavit averring its inability to respond because of a file which had been misplaced at the time. An assistant attorney general informed the plaintiff that the Commonwealth would supplement its responses as soon as she obtained the file. There was no error.

*Judgment affirmed.*