DIANNA M. CAHALEN *vs.* COMMISSIONER OF THE
DEPARTMENT OF EMPLOYMENT AND TRAINING & another.[1]

No. 94-P-1734.

Berkshire. February 13, 1996. - August 6, 1996.

Present: BROWN, PORADA, & FLANNERY, JJ.

*Employment Security,* Eligibility for benefits, Judicial review, What consti-
tutes employment. *Words,* "Employment."

A claimant seeking unemployment compensation benefits pursuant to G. L.
c. 151A, § 25, did not demonstrate that she was compelled to leave her
employment for necessitous or urgent reasons when she left her work to
start her own business [27-28], nor did her effort at self-employment
constitute "accept[ing] new employment" within the meaning of G. L.
c. 151A, § 25(*e*) [28-29]: the Commissioner of the Department of
Employment and Training correctly denied the claimant benefits [29].

CIVIL ACTION commenced in the Pittsfield Division of the
District Court Department on December 9, 1993.

The case was heard by *Alfred A. Barbalunga,* J.

*Deborah G. Roher* for the plaintiff.

*Karen J. Laufer,* Assistant Attorney General, for the Com-
missioner of the Department of Employment and Training.

FLANNERY, J. The plaintiff appeals from a judgment of the
District Court, affirming a decision of the Commissioner of
the Department of Employment and Training, denying her
unemployment compensation benefits pursuant to G. L.
c. 151A, § 25.

The plaintiff was employed as a customer service represen-
tative for Hi Tech Mold & Tool, Inc. (Hi Tech), a plastics
manufacturer located in Pittsfield, from March 23, 1987,
through January 19, 1993. She left her employment to relocate
to Rhode Island with the intention of purchasing and operat-
ing a bed and breakfast enterprise. She had a written mortgage

[1] Hi Tech Mold & Tool, Inc.

commitment and had paid out $15,000 in fees to the mortgage company. She expected to close the sale of the business on February 9, 1993, but the closing did not take place. She subsequently realized that she had been defrauded by the financing company and learned from the Federal Bureau of Investigation that the company was under indictment in several States. Her purchase and sale contract was ultimately canceled, and she did not enter self-employment. She filed a claim for benefits with the defendant on June 25, 1993. Hi Tech protested the claim and became a party to the administrative hearings.[2]

A review examiner of the Department of Employment and Training (DET) denied unemployment benefits to the plaintiff. The board of review and the District Court affirmed the decision, and so do we.

Unemployment compensation is governed by G. L. c. 151A, the employment and training law, which was enacted to afford relief to those who are unemployed through no fault of their own. See *Haefs* v. *Director of the Div. of Employment Sec.*, 391 Mass. 804, 806 (1984). The general rule is that a worker who initiates a job separation is disqualified from benefits. However, G. L. c. 151A, § 25(*e*), as amended through St. 1992, c. 286, § 17, sets out certain exceptions to that rule. The plaintiff relies on two of them: (1) where a claimant establishes that her reasons for leaving were for such an urgent, compelling, and necessitous nature as to make her separation involuntary; (2) where a claimant establishes that she left her employment in good faith to accept new employment on a permanent full-time basis and that she became separated from such new employment for good cause attributable to the new employing unit.

We must affirm the DET's decision if it is supported by substantial evidence and not based on an error of law. G. L. c. 30A, § 14(7). We also give due weight to the DET's experience, technical competence, specialized knowledge, and discretionary authority. *Garfield* v. *Director of the Div. of Employment Sec.*, 377 Mass. 94, 96 (1979).

1. *Urgent reasons.* In certain situations, compelling personal circumstances justify an employee's decision to leave her job and still qualify for unemployment compensation. Compelling

---

[2]Hi Tech did not appear in the District Court action and this appeal.

personal circumstances have been recognized where the health of an employee mandates abandonment, *Director of the Div. of Employment Sec.* v. *Fitzgerald*, 382 Mass. 159, 161-162 (1980) (claimant justifiably left believing that continuing her job as a welder could endanger her pregnancy), and where relocation is required due to personal circumstances. *Director of the Div. of Employment Sec.* v. *Fingerman*, 378 Mass. 461, 464 (1979) (claimant's decision to relocate with her husband, who had secured employment in California, justified departure). Mere inconvenience, however, will not be regarded as a sufficiently compelling reason to leave one's employment. See *Uvello* v. *Director of the Div. of Employment Sec.*, 396 Mass. 812, 815 (1986) (claimant refused evening shift because she had responsibility for making dinner, but other adults lived in the household).

The plaintiff urges us to find that a "compelling and necessitous" reason should include a case where her good-faith expectation of another means of livelihood is unfulfilled for reasons beyond her ability to control or foresee. In this case, a review examiner found that "[t]he claimant left work to start her own business. Leaving work for this reason, regardless of whether her plans materialized, was [not] . . . for urgent, compelling, or necessitous reasons." This finding is supported by substantial evidence. See *Abramowitz* v. *Director of the Div. of Employment Sec.*, 390 Mass. 168, 172 (1983). The plaintiff cannot show that she was compelled to leave Hi Tech for necessitous or urgent reasons. See *Jahn* v. *Director of the Div. of Employment Sec.*, 397 Mass. 61, 62-63 (1986) (claimant who voluntarily sells his business cannot receive unemployment benefits); *Abramowitz* v. *Director of the Div. of Employment Sec.*, *supra* at 172-173 (claimant who notifies partner that he intends to leave business because of financial losses has left employment voluntarily and cannot receive unemployment compensation). See also *LeBeau* v. *Commissioner of the Dept. of Employment and Training*, 422 Mass. 533, 536 n.6 (1996).

2. *Separation from new employment.* The plaintiff argues, in the alternative, that her failed effort at self-employment, through no fault of her own, is an involuntary termination of employment "for good cause attributable to the new employing unit" under G. L. c. 151A, § 25(e). Therefore, she urges, she should not be disqualified from receiving unemployment compensation benefits.

The plaintiff does not qualify for this exception because the evidence does not show that she left her employment with Hi Tech to "accept new employment" within the meaning of the statute. "Employment" is defined in G. L. c. 151A, § 1($k$), as amended through St. 1977, c. 720, § 2, as "service . . . performed for wages or under any contract, oral or written, express or implied, by an employee for his employer. . . ." Moreover, G. L. c. 151A, § 2, as amended by St. 1971, c. 940, § 2, specifically excludes from the definition of "employment" circumstances where an individual "has been and will continue to be free from control and direction in connection with the performance of . . . services." The statute does not contemplate unemployment compensation for one who leaves employment to start a business of her own. Thus, the defendant did not err in denying the plaintiff unemployment compensation benefits.

*Judgment affirmed.*