DENNIS TUPER *vs.* NORTH ADAMS AMBULANCE SERVICE, INC.

Berkshire. May 4, 1998. - August 5, 1998.

Present (Sitting at Pittsfield): WILKINS, C.J., ABRAMS, GREANEY, FRIED, MARSHALL,
& IRELAND, JJ.

*Practice, Civil,* Motion in limine. *Collateral Estoppel. Contract,* Employment.
*Employment,* Termination.

Collateral estoppel principles did not permit a discharged employee, who was
    awarded unemployment compensation benefits based upon the determina-
    tion of the Department of Employment and Training that the employee had
    not been insubordinate to his employer, to use that determination of-
    fensively against his former employer in a subsequent civil action for
    wrongful termination, where the issues litigated in the two proceedings
    were not identical. [135-137]
In a wrongful termination action, the trial judge correctly allowed the
    defendant employer's motion to preclude any reference to the earlier
    proceedings between the parties before the Department of Employment
    and Training, based on the clear and unambiguous language of G. L.
    c. 151A, § 46, which provides that such information is confidential and
    may not be used in any action or proceeding. [137]

CIVIL ACTION commenced in the Superior Court Department on
November 23, 1994.

Motions in limine were heard by *Francis X. Spina,* J., and the
case was tried before him.

The Supreme Judicial Court granted an application for direct
appellate review.

*Peter C. Alessio (Richard I. Isacoff* with him) for the plaintiff.
*John B. Stewart* for the defendant.
*Scott Harshbarger,* Attorney General, *& Neil Sherring,* As-
sistant Attorney General, for the Attorney General, amicus
curiae, submitted a brief.

IRELAND, J. In this case of first impression, the principal issue
on appeal is whether collateral estoppel principles permit a
discharged employee, who was awarded unemployment
compensation benefits in an administrative decision by the

Department of Employment and Training (department), to use that decision offensively against his former employer in a subsequent civil action for wrongful termination. After a hearing on pretrial motions, a Superior Court judge ruled that the department's decision had no preclusive effect in the civil action. The case was then tried to a jury, which returned a verdict against the employee. He now claims error. We affirm.

The plaintiff, Dennis Tuper, entered into an employment contract with the defendant, North Adams Ambulance Service, Inc., as an "EMT Coordinator" for the period beginning on January 1, 1993, and ending on December 31, 1994. The contract provided that the plaintiff's employment could only be terminated for just cause. On July 26, 1993, the defendant informed the plaintiff by letter that his employment was being terminated immediately because of his "grossly insubordinate behavior," which consisted of refusing to obey a direct order from his manager and "disparaging [the defendant] in the presence of a non-employee."[1]

The plaintiff applied for unemployment compensation benefits. After a hearing, the department's commissioner determined that, pursuant to G. L. c. 151A, § 25 (e) (2), the plaintiff was not eligible for benefits, because there was "substantial and credible evidence to show that the [plaintiff] knowingly violated a reasonable and uniformly enforced company rule or policy, and that the violation was not as a result of the [plaintiff's] incompetence."

The plaintiff appealed to the department's board of review (board). The board adopted the commissioner's findings of fact as supported by substantial evidence, but concluded that the commissioner's decision was based on an error of law. The board determined instead that the plaintiff was "entitled to know" that the defendant considered his actions as insubordination and that, because the defendant had "never set forth an expectation pertaining to the following of orders and the subsequent consequence of contesting orders," his actions "[did] not rise to the level of insubordination, but rather appear[ed] to be a break-down in communication." The board further

[1]According to the defendant's letter to the plaintiff, the plaintiff's manager twice ordered the plaintiff to conduct a training program at an upcoming staff meeting, and the plaintiff "loudly refused to obey" each time. The letter states that the plaintiff's refusal took place in the presence of two other employees and a service representative from an outside company.

determined that the plaintiff "neither violated the [defendant's] rule or policy, nor acted with deliberate misconduct in wilful disregard of the [defendant's] interest," as would be required under G. L. c. 151A, § 25 (e) (2), to deny benefits to the plaintiff. The board correspondingly decided that the plaintiff was entitled to benefits, so long as he was otherwise eligible. Neither party sought judicial review of the board's decision.

On November 23, 1994, the plaintiff filed this action in the Superior Court. His complaint set forth claims for breach of contract, defamation, and tortious interference with a contractual relationship against the defendant and other named individuals associated with the defendant. After discovery and summary judgment proceedings, the plaintiff's action was limited to a single contract claim against the defendant.

The case was called for trial on February 20, 1997. Prior to jury selection, the plaintiff filed a motion in limine to prevent the defendant, on the basis of issue preclusion, from offering evidence that the plaintiff had been insubordinate or had disobeyed a direct order. The plaintiff's motion also requested the judge to instruct the jury that they must assume that the plaintiff had not been insubordinate and did not disobey a direct order. The defendant filed a cross motion in limine seeking to preclude admission of the department's decision, as well as any reference to the proceedings before the department. The judge denied the plaintiff's motion and allowed the defendant's motion.

The case proceeded to trial and a special question was submitted to the jury, asking whether the plaintiff had "sustained his burden of proving the termination of his employment by the defendant was not for 'just cause.' " The jury answered, "No," to this question. The plaintiff filed a notice of appeal challenging the judge's rulings on the motions in limine, and we allowed the defendant's application for direct appellate review.

Before a party will be precluded from relitigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication. See *Fay* v. *Federal Nat'l Mtge. Ass'n*, 419 Mass. 782, 790 (1995), quoting *Massachusetts Prop. Ins. Underwriting Ass'n* v. *Norrington*, 395 Mass. 751, 753 (1985). Additionally, the issue decided in

the prior adjudication must have been essential to the earlier judgment. See *Fay, supra,* citing *Bannister* v. *Commonwealth,* 411 Mass. 130, 131 (1991).

The prior adjudication need not have been before a court. If the conditions for preclusion are otherwise met, "[a] final order of an administrative agency in an adjudicatory proceeding . . . precludes relitigation of the same issues between the same parties, just as would a final judgment of a court of competent jurisdiction." *Stowe* v. *Bologna,* 415 Mass. 20, 22 (1993). However, our cases in which the prior adjudication was before an administrative agency have all involved the defensive use of collateral estoppel. See, e.g., *Martin* v. *Ring,* 401 Mass. 59, 62-64 (1987) (applying defensive collateral estoppel to decision of Industrial Accident Board); *Stowe, supra* (same to decision of rent control board of Cambridge); *Almeida* v. *Travelers Ins. Co.,* 383 Mass. 226, 228-231 (1981) (same to decision of board of appeal on motor vehicle liability policies and bonds). Here, the plaintiff is attempting instead to use a prior adjudication before an administrative agency offensively to collaterally estop his former employer.

The plaintiff argues that collateral estoppel should be applied offensively to preclude relitigating the board's determinations that he had not been insubordinate and had not disobeyed a direct order. In particular, the plaintiff argues that the defendant should have been precluded from offering any evidence that the plaintiff was insubordinate or had disobeyed a direct order, and that the judge correspondingly should have instructed the jury to assume that the plaintiff had not been insubordinate and had not disobeyed a direct order. We disagree. The issues in the two adjudications were not identical.

The board determined that the plaintiff was not insubordinate and had not disobeyed a direct order because he did not know (and was entitled to know) that the defendant would interpret his actions as constituting insubordination and disobedience. As such, the board's determinations were based on the subjective knowledge and state of mind of the plaintiff. By contrast, the judge in this action instructed the jury that the determination of just cause had to be decided in part on the basis of the objective reasonableness of the defendant's state of mind.[2] The issues sur-

---

[2]The relevant part of the judge's instruction defined just cause as follows:

rounding these determinations thus were not identical.[3] It was entirely possible, and even plausible, that the plaintiff could have subjectively believed that his actions did not constitute insubordination or disobedience, while the defendant reasonably believed the opposite. The judge was, therefore, correct in ruling that the board's determinations that the plaintiff was not insubordinate and had not disobeyed a direct order had no preclusive effect in this action. Accordingly, the judge also was not required to instruct the jury that they were to assume that the plaintiff was not insubordinate and had not disobeyed a direct order.

Our conclusion here comports with over-all considerations of fairness. See *Whitehall Co.* v. *Barletta,* 404 Mass. 497, 502 (1989); *Loring* v. *Marshall,* 396 Mass. 166, 175-176 (1985) (O'Connor, J., dissenting). The proceedings before the board were relatively informal and the defendant's stake in the adjudication was relatively small. See G. L. c. 151A, § 14 (setting forth formulas for employer's contributions to pooled fund, based on employer's claims experience). By contrast, in this action, the plaintiff's demands for relief, which included punitive damages, exceeded $250,000. Applying a preclusive effect to the board's determinations would be plainly unfair.[4]

Further, our conclusion also comports with the broad policy considerations underlying G. L. c. 151A, § 25 (*e*) (2). This statute "was enacted to afford relief to those who are unem-

---

"The term just cause means whether or not there was a reasonable basis for employer dissatisfaction with an employee, and whether or not that dissatisfaction or termination was entertained in good faith for reasons such as lack of capacity or lack of diligence or failure to conform to usual standards of conduct, or some other culpable or inappropriate behavior."

[3]Accordingly, we need not reach the question whether preclusion would not apply because the objective reasonableness of the defendant's state of mind was not the product of "full litigation and careful decision" at the prior adjudication, and thus was not essential to that adjudication. *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.,* 354 Mass. 448, 455 (1968).

[4]In a different context, we held that it would be unfair to deem that a defendant, who was found "[r]esponsible" for a traffic offense and paid a $40 fine without appealing, had made an admission of liability for purposes of a subsequent civil action. See *LePage* v. *Bumila,* 407 Mass. 163, 165-167 & n.4 (1990).

ployed through no fault of their own." *Cahalen* v. *Commissioner of the Dep't of Employment & Training*, 41 Mass. App. Ct. 26, 27 (1996), citing *Haefs* v. *Director of the Div. of Employment Sec.*, 391 Mass. 804, 806 (1984). The statute contemplates the prompt adjudication of claims for unemployment benefits, in response to the need to alleviate quickly the harsh financial consequences of unemployment. See *Director of the Div. of Employment Sec.* v. *Mattapoisett*, 392 Mass. 858, 862 n.6 (1984). If successful claimants before the department are allowed to use collateral estoppel offensively in a subsequent civil action, employers will be forced to litigate unemployment compensation claims to the hilt, with full appeals, because of the substantially greater variety and extent of civil claims which might then follow. Such a result would be directly contrary to the objective, and even the Federal mandate, of promptly resolving such claims. See *California Dep't of Human Resources Dev.* v. *Java*, 402 U.S. 121, 135 (1971).

Finally, the plaintiff also argues that the judge erred in allowing the defendant's motion to preclude any reference to the board's proceedings and decision in the civil action. General Laws c. 151A, § 46, provides that, with certain exceptions not relevant here, information secured pursuant to this chapter is confidential, is for the exclusive use and information of the department in the discharge of its duties, is not a public record, and may not be used in any action or proceeding. The language of the statute is sufficiently clear and unambiguous to support a conclusion that the judge did not err.

*Judgment affirmed.*