Hely, J.
The summary judgment issue is whether collateral estoppel principles preclude the plaintiffs claim that his two-car accident was caused by negligence of the other driver.
The plaintiff is suing the other driver (Whooters) for negligence. He is also claiming that the other driver’s insurer (Arnica) has violated G.L.c. 93A. In connection with the same accident, the plaintiff previously appealed an insurance surcharge to the Board of Appeal on Motor Vehicle Liability Policies and Bonds. The board ruled against the plaintiff and found that the plaintiff was more than fifty percent at fault in causing the accident. The defendants contend that collateral estoppel principles should prevent the plaintiff from relitigating this issue. Applying the factors employed in Tuper v. North Adams Ambulance Service, Inc., 428 Mass. 132, 135-37 (1998), and Bar Counsel v. Board of Bar Overseers, 420 Mass. 6, 11-12 (1995), summary judgment is denied. The plaintiff is entitled to his day in court as well as his day before the board.
The defendants here have established the basic requirements for the collateral estoppel. Nevertheless, the court must still weigh the “over-all considerations of fairness” and the nature of the prior and current proceedings. Tuper, 428 Mass. at 136; see Commonwealth v. Two Parcels of Land, 48 Mass.App.Ct. 693, 698 (2000). In Tuper the estoppel-opposing party had a “relatively small” stake in the prior proceeding, and this weighed against estoppel. 428 Mass. at 136. In the present case, the prior administrative proceeding involved only the plaintiff and his own insurer. The current defendants, Whooters and Arnica, were not parties and had no stake in the surcharge proceeding. Compare Almeida v. Travelers Insurance Co., 383 Mass. 226, 231 (1981) (findingby insurance surcharge *115 appeal board that plaintiff was less than fifty percent at fault was conclusive in subsequent coverage litigation between the same parties, the plaintiff and his own insurer). Identity between the parties is not necessary for collateral estoppel, but it can be a significant fairness consideration. Tuper, supra.
The court in Tuper also considered the procedural limitations of the prior administrative hearing as weighing against estoppel. Id. In the present case, as in Tuper, the administrative hearing was relatively informal.
The plaintiff here also rightly points out that the board in insurance surcharge hearings must apply certain presumptions established by regulations in determining who was at fault in a motor vehicle accident. See G.L.c. 175, §113P. No such presumptions apply to help or hurt either side when a common law negligence action is tried in court. Ward v. James, 1999 Mass.App.Div. 208.
While the right to a jury trial is not absolute, it is held “sacred” by the inhabitants of Massachusetts. Massachusetts Constitution, art. 15; Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 221-22 (1994). Considering the fairness factors discussed in Tuper, the fault presumptions applicable in the administrative proceeding but not in a negligence trial, and the importance of the right to a jury trial in a traditional common law cause of action, collateral estoppel principles should not be extended to bar an automobile negligence trial even though the insurance surcharge appeals board has previously found the plaintiff to have been more than fifty percent at fault. See Dalis, supra, 418 Mass. at 225.[1]
It was for these reasons that the court entered its August 16, 2002, order denying the motions for summary judgment by Arnica Insurance Co. and Thomas A. Whooters.

The court’s collateral estoppel conclusion implies no suggestion on the merits of the plaintiffs negligence claim. The plaintiffs right-of-way argument seems particularly puzzling considering that it was the plaintiff, and not the other driver, who was controlled by a stop sign.