Billings, Thomas P., J.
For the following reasons, the plaintiffs motion for summaiy judgment is ALLOWED.
The defendants — here, Headle, as the only defendant opposing the motion — have the burden of proof on coverage. See Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 230 & n.8 (1997) (claimant under insurance policy “bears the initial burden of prov[ing] that the loss [is] within the description of the risks covered’ exclusion in same paragraph as coverage clause “is considered part of the coverage clause for purposes of burden of proof); Ranger Ins. Co. v. Air-Speed, Inc., 9 Mass.App.Ct. 403, 406 n.9 (1980) (“[t]hat burden did not shift merely because it was the insurer which initiated the declaratory judgment proceedings”).
Headle is not assisted, in the coverage case,[1] by G.L.c. 231, §85A (registration as prima facie evidence of agency), which by its terms applies only to “actions to recover damages for injuries to the person or property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved.”
Without the aid of this statutory rule of evidence, Headle cannot carry his burden.
1. Both Collins spouses were emphatic and consistent in their testimony that Mrs. Collins (the registered owner) did not give Mr. Collins (the unlicensed driver involved in the accident) permission to drive the truck. See EUO of William Collins, p. 11 (witness concealed from his wife the fact that the union had called him about a job, and waited to leave until she had gone to work, “[b]ecause I knew she wouldn’t have wanted me to take the car”); EUO of Dona Collins, p. 30 (“I would have laid down in the driveway to stop that”).
2. Although it appears that Mrs. Collins received a civil citation for allowing an unlicensed person to operate the truck, neither the RMV printout nor anything else in the record discloses whether this followed an admission, a clerk-magistrate’s hearing and finding, or a default. There is thus no occasion to consider whether the rule of Flood v. Southland Corp., 416 Mass. 62, 70 (1993), should be extended to the realm of civil motor vehicle infractions. The separate hearsay exception for statements against penal interest (again, assuming it embraces civil infractions) would not apply either, since Mrs. Collins is available. See Commonwealth v. Drew, 397 Mass. 65, 73 (1986).
3. Finally, the facts that Mr. Collins carried a set of keys to the truck, and that Mrs. Collins knew this, do not get the case to the jury. There may have been many *742 reasons to allow him access to the truck’s interior without driving it. It had been his truck. Mrs. Collins (who was, in her own estimation, “not a truck girl”) rarely drove it. The couple transferred the registration to her name for reasons of convenience (his license suspension; his expectation of reinstatement; and his desire not to have the truck towed as an unregistered vehicle while parked on the street). Mr. Collins’s possession of the keys was not, in the circumstances here, tantamount to permission to drive it, nor does it effectively impeach the couple’s denials that permission was given. See Guardian Life Ins. Co. of America v. Grant, 2007 WL 798280 (Mass.Super. 2007; Billings, J.) [22 Mass. L. Rptr. 157] (discussing the limited circumstances in which impeachment evidence alone may defeat a motion for summary judgment).

ORDER

For the following reasons, the plaintiffs motion for summary judgment is ALLOWED. Judgment to enter, declaring that the plaintiff has no duly to defend or indemnify William Collins in connection with the September 15, 2003 accident involving Steven Headle.

The presumption may be of more use to him in the underlying personal injury case. Counsel to Commerce acknowledged at oral argument that were Headle to recover judgment against Mrs. Collins on an agency theory, the policy would cover her. Nor, it appears, would Headle be collaterally estopped in that case by ttie decision in this one, since “the issue in the prior adjudication” (this case) would not have been “identical to the issue in the [later] adjudication.” Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998).