Cote, J.
This appeal arises out of a civil jury trial in which the plaintiff acted as her own attorney and the defendant was represented by legal counsel. The jury returned a verdict on behalf of the plaintiff, Halina Campaniello, on her claim for assault and battery. The defendant, Andrzej Hoscilo, has appealed the jury’s verdict, citing errors of law by the judge in admitting into evidence both his criminal record and the plaintiff’s medical records. He also asserts that the trial judge’s conduct during the trial prejudiced the jury against him and, therefore, deprived him of a fair trial.
On July 26,2004, the defendant was convicted of assaulting and beating the plaintiff on August 7, 2003.[1] The plaintiff filed this civil action against the defendant on June 9, 2006, seeking monetary relief for not only the assault and battery, but also damage caused to her motor vehicle by the defendant in another incident on September 7,2003.
The case was called to trial on January 22, 2007. Prior to the commencement of the trial, the defendant’s attorney objected, on hearsay grounds, to the introduction *132 of a record of Ms client’s assault and battery conviction. The judge responded by ordering the clerk to obtain the original copy of the conviction from the clerk-magistrate’s office. The judge then ruled that the defendant’s prior criminal conviction barred relitigation of the plaintiff’s claim of assault and battery, and limited the evidence to the question of damages. The criminal record was subsequently sanitized and admitted into evidence.
1. Defendant’s Criminal Record. “Issue preclusion is the modern term for the doctrine traditionally known as ‘collateral estoppel,’ which prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties, or their privies.” Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988).
Before precluding a party from relitigating an issue, ‘a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.’
Kobrin v. Board of Registration in Med., 444 Mass. 837, 844 (2005), quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998). In this case, the assault and battery criminal complaint was based on the same facts as those alleged in the plaintiff’s civil action. Accordingly, we see no error in the judge’s ruliñg. Moreover, we identify no error of law, abuse of discretion, or bias in the trial judge’s sua sponte decision to obtain the record from the clerk-magistrate’s office.
2. Plaintiff’s Medical Records. The defendant argues that the trial judge’s admission into evidence of the plaintiff’s medical reports violated G.L.C. 233, §79G because the plaintiff failed to provide him with timely written notice of her intent to offer the records into evidence.[2] It is clear that the plaintiff failed to comply strictly with the statute. It is equally true that the defendant’s attorney was first given copies of the plaintiff’s medical records months before the trial during her deposition. In addition, the defendant's attorney received notice of the plaintiff’s intention to introduce her medical records into evidence at the pretrial conference on January 22, 2007, fourteen days before the trial was scheduled to begin. On February 22, 2007, the trial judge gave a copy of the medical records to the defendant’s attorney and rescheduled the trial. Thus, even though the plaintiff failed to comply with the requirements of the statute, the defendant’s attorney received copies of the certified medical records and actual notice of her intent to offer them into evidence well in advance of the trial. Accordingly, we find that the trial judge committed neither an error of law, nor an abuse of discretion, in admitting the records into evidence.
*133 3. Trial Judge’s Impartiality. The defendant cites a “partial list” of instances in which he alleges the judge failed to be impartial. In reaching our determination on the merits of the defendant’s appeal, we have reviewed the entire trial transcript and the Judicial Guidelines for Civil Hearings Involving Self-Represented Litigants (2006).[3]
Viewing the record in its entirety, we cannot say that the judge acted with bias against the defendant or his attorney. We note, however, that at times the exchanges between judge and lawyer were a poignant reminder of the difficulty each faced in fulfilling their separate roles and responsibilities. The attorney advocated zealously for his client, and the judge made every effort to navigate conscientiously the dangerous passage between fairness and perceived bias. At times, he came precariously close to crossing the line. But, in our opinion, he did not, and any errors he might have committed in attempting to keep order and in helping the jurors to understand the parties’ contentions were minor and did not otherwise taint the jury’s understanding of the facts.
Ms. Campaniello’s direct testimony lacked focus and relevance, causing defense counsel to lodge a number of objections. The judge interceded and wove 32 ques *134 tions into her self-directed testimony. Defense counsel’s remonstration caused the judge to respond as follows: “I’m not trying to assist her, as I told you before the case, and as I told the jurors. I know what she wants to present, and I’m trying to let her present her case. And you can present your case.” Our review of the record leads us to conclude that the judge’s questioning did not amount to his trying the plaintiff’s case for her or otherwise taint the proceedings.
In his final instructions to the jurors, the judge emphasized his neutrality and their role as the ultimate judges of the facts.[4] This was an entirely appropriate exercise of discretion and good judgment.
Judgment affirmed. Appeal dismissed.
So ordered.

 The defendant’s appeal did not include a copy of the record of conviction.

 Under G.L.C. 233, §79G, hospital medical records and itemized bills are admissible at trial “provided, however, that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party or parties, or to Ms or their attorneys, by mailing the same by certified mail, return receipt requested, not less than ten days before the introduction of same into evidence, and that an affidavit of such notice and the return receipt is filed with the clerk of the court, agency or commission forthwith after said receipt has been returned.”

 Section 1.4 of the Guidelines provides: “Judges shall apply the law without regard to the litigant’s status as a self-represented party and shall neither favor nor penalize the litigant because that litigant is self-represented.” Section 3.2 states: “Judges shall adhere to the applicable rules of evidence, but may use their discretion, when permissible, to provide self-represented litigants the opportunity to meaningfully present their cases. Judges may ask questions to elicit general information and to obtain clarification. Judges should explain why the questions are being asked and that they should not be taken as any indication of the judge’s opinion of the case.” The commentary to §3.2 offers further clarification of the trial judge’s role, stating: ‘The judge’s function at any trial is to be ‘the directing and controlling mind at the trial, and not a mere functionary to preserve order and lend ceremonial dignity to the proceedings.’” Commonwealth v. Sapoznik, 28 Mass. App. Ct. 236, 241 n.4 (1990), quoting Whitney v. Wellesley & Boston St. Ry., 197 Mass. 495, 502 (1908). The commentary further states: “At times during the course of any trial, even when a party is represented by counsel, it may become necessary for a judge to intervene although there has been no objection to the admissibility of certain evidence.” Id., quoting Sapoznik, supra. “Judges may properly question witnesses, even where to do so may strengthen one party’s case, so long as the examination is not partisan in nature, biased, or displays a belief in one party’s case.” Id. “In jury cases, judges should instruct the jury that they are not to consider questions asked by the judge as any indication of the judge’s opinion as to how the jury should decide the case and that if the jury believes that the judge has expressed or hinted at any opinion about the facts of the case, they should disregard it.” Id. “Judges should use the rule of reason as to the extent of witness-questioning. ... [Tjhere is no quantitative test for determining whether a judge has gone beyond the bounds that the law imposes.... Commonwealth v. Festa, 369 Mass. 419, 422-423 (1976) (even if judge was overzealous, judge’s behavior, considered in context of entire trial and charge to jury, did not deprive the defendant of fair trial).” Id.

 “You’re the judges today, and if I said or did anything in this case that you think indicated I favored one side over the other, then disregard that. How I would decide the case is not important. You’re the judges today. And as I said to you before the case, when someone doesn’t have a lawyer, I may say or do things to them that may look like I’m trying to assist them. That does not mean I favor their case or anything else. It doesn’t mean I disfavor their case.... And all I want is a fair presentation of the evidence by both sides, and if it looked like I was trying to help this woman out to fairly present her case, then that does not mean I favored her case or I favored what was presented or anything else....”