Kenton-Walker, Janet, J.
*149 INTRODUCTION
This action arises from a workplace injury that caused Frank Mastrogiacomo (“Mastrogiacomo”) to become disabled. As a result of his disability, Mastrogiacomo began collecting workers’ compensation insurance benefits, and brought this action against D.N. Lukens, Inc. (“Lukens”). Mastrogiacomo and Lukens agreed to settle Mastrogiacomo’s claims (“the settlement”). Mastrogiacomo’s workers’ compensation insurance provider, Utica Mutual Insurance Co., Inc. (“Utica”), has submitted a Motion to Intervene in order to object to the settlement, asserting its statutory right to recovery under G.L.c. 152, §15. For the reasons that follow, Utica’s motion, to the extent it raises objections to the proposed settlement, will be denied.
BACKGROUND
The following facts are taken from the findings of the Department of Industrial Accidents (“DIA”). Mastrogiacomo began work for Eastware, Inc. in 1984 as a warehouse worker. In that capacity, he was responsible for loading and unloading pallets of chemicals and moving them around the warehouse with a gas-powered forklift that emitted carbon monoxide (“CO”).
In fall 2002, CO detectors inside Mastrogiacomo’s warehouse began to go off on occasion. Around that same time, Mastrogiacomo began experiencing pain and fatigue. In December 2003, a new CO detector showed increased levels of CO in the warehouse.
Throughout Mastrogiacomo’s employment, he moved bags of chemicals that would sometimes break or leak, exposing him to their contents through direct contact and inhalation. These chemicals were owned, at least in part, by Lukens. They included heavy metals and natural minerals, such as cadmium, uranium, lead, and arsenic (“the heavy chemicals”). The chemical exposure was gradual and constant throughout Mastrogiacomo’s employment.
In February 2004, after his medical difficulties had intensified, Mastrogiacomo was tested for CO exposure. He was found to have elevated levels of CO in his blood. His doctor advised him to stay out of work. Mastrogiacomo stopped work for Eastware, Inc. in or about February 2004.
In or about late 2004, Mastrogiacomo submitted a claim for workers’ compensation insurance benefits to the D1A. Mastrogiacomo had claimed he was injured as a result of (1) CO poisoning and (2) exposure to the heavy chemicals. Utica was a party to that proceeding and specifically contested Mastrogiacomo’s claim that his injuries were caused by exposure to CO or the heavy chemicals.
On July 1, 2005, the DIA found that the “CO exposure was related to [Mastrogiacomo’s] employment.” It also found “that the exposure to chemicals at work has not been shown to have caused any of [Mastrogiacomo’s] physical symptoms and conditions.” Because of Mastrogiacomo’s “CO exposure, [he could] not return to his former employment.” The DIA concluded that Mastrogiacomo was partially disabled because of his exposure to CO, but not because of his exposure to the heavy chemicals.
On October 23, 2006, Mastrogiacomo submitted a second claim for workers’ compensation benefits based on the same injuries that gave rise to his previous claim, specifically, CO poisoning and exposure to the heavy chemicals. The DIA received testimony that Mastrogiacomo’s symptoms had worsened, rendering him totally disabled. Utica was again a parly to the proceedings before the DIA and again contested the causal relationship between Mastrogiacomo’s exposure to CO and the heavy chemicals, and his injuries.
On November 3,2008, the DIA again concluded that Mastrogiacomo’s “long-term exposure to [CO] in his workplace has been, and continues to be a major cause of [his] incapaciiy.” In addition, the DIA again concluded that Mastrogiacomo “was exposed to [the heavy chemicals] but that he has not established a causal relationship between those exposures and his symptomatology.” The DIA found Mastrogiacomo to be totally disabled. To date, Utica has paid approximately $150,000 in benefits to Mastrogiacomo as a result of the DIA decisions.
On December 13, 2006, Mastrogiacomo instituted this action, filing a Complaint against Lukens. His Complaint alleged he was exposed to CO and the heavy chemicals as a result of Luken’s negligence, and suffered injury as a result. On November 12, 2009, Lukens filed a Motion in Limine to preclude any claim or evidence based on Mastrogiacomo’s CO exposure. Mastrogiacomo has represented to this court that he did not oppose Lukens’ motion because “there was no good faith argument to rebut [Lukens’] position that it did not control any source of the carbon monoxide poisoning.” Consequently, the only issue that remained in the litigation was Mastrogiacomo’s exposure to the heavy chemicals.
In or about December 2009, Mastrogiacomo and Lukens reached an agreement giving rise to the settlement. The settlement governed “the issues raised in litigation, entitled Frank J. Mastrogiacomo v. D.N. Lukens, Inc., Worcester County Superior Court, Civil Action No. 2006-02520, or any issues otherwise arising out of or in connection with injuries involving Frank H. Mastrogiacomo [sic] for alleged toxic exposure to chemicals owned by D.H Lukens, Inc." (Emphasis added.)
DISCUSSION
“Before a party will be precluded from relitigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was *150 a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.” Tuper v. No. Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998), and cases cited. “Additionally, the issue decided in the prior adjudication must have been essential to the earlier judgment.” Id. and cases cited. Administrative decisions, like those of the DIA, have preclusive effect where the foregoing conditions are satisfied. See Supeno v. Equity Office Prop. Mgmt., Inc., 70 Mass.App.Ct. 470, 473 (2007).
Here, the issue of whether Mastrogiacomo’s injuries were caused by exposure to CO or to the heavy chemicals was fully and fairly litigated by the DIA, resulting in a final decision on the merits. Utica was a party to not one, but two proceedings before the DIA during which it specifically contested that issue. The issue of whether Mastrogiacomo’s injuries were caused by exposure to CO or to the heavy chemicals, as litigated in the DIA proceedings, is identical to the question now before this court concerning the cause of Mastrogiacomo’s injuries.
The answer to that question controls whether Utica is entitled to assert its right to recovery against any settlement proceeds from Lukens. The DIA concluded that Mastrogiacomo was rendered disabled solely by CO poisoning; the DIA expressly found that Mastrogiacomo had not proven that his condition was caused by exposure to heavy chemicals. Consequently, Utica’s benefit payments to Mastrogiacomo are based exclusively on injuries he sustained as a result of CO poisoning.
Therefore, Utica’s statutory right to recovery is limited to settlement proceeds based on injuries caused by CO poisoning. Settlement proceeds based on other injuries, such as exposure to heavy chemicals, would not be subject to such a right to recovery because Utica has not paid disability benefits arising from any other such injury. See generally G.L.c. 152, §15.
To the extent Utica suggests that the settlement is a scheme designed to structure Mastrogiacomo’s recovery in such a way as to evade Utica’s right to recovery under G.L.c. 152, §15, that position lacks support in the record. The DIA, not Mastrogiacomo, determined that his disability was caused by CO and not by exposure to the heavy chemicals. Mastrogiacomo cannot control the fact that Lukens was not responsible for the sources of CO that caused his injury. Contrast Hutlin v. Francis Harvey & Sons, Inc., 40 Mass.App.Ct. 692, 699 (1996) (allocation of majority of settlement proceeds to non-employee spouse for loss of consortium).
CONCLUSION AND ORDER
For the foregoing reasons, Utica’s Motion to Intervene is DENIED to the extent it raises objections to the proposed petition for approval of settlement.