The employee, Thomas E. Yahoub, appeals from a decision of the reviewing board of the Department of Industrial Accidents (reviewing board) affirming an administrative judge's decision denying his claim for incapacity and medical benefits. The employee primarily argues that the reviewing board erred in determining that the insurer could not be collaterally estopped from litigating facts previously resolved in the employee's favor before the Division of Unemployment Assistance (DUA). We affirm.
Background. The employee began working in 1999 as a custodian for the public schools in the town of Milton (town). On December 28, 2004, he was injured in an altercation with his supervisor. Following an investigation into the incident, the town concluded that the employee was the aggressor and terminated his employment. In February, 2005, the employee applied for unemployment compensation benefits with the DUA. After an evidentiary hearing, the DUA found that the employee did not initiate the altercation and awarded him benefits on the ground that the town had failed to prove "deliberate misconduct in willful disregard of the employing unit's interest." The town appealed to the District Court, which affirmed the DUA's decision.
In August, 2007, the employee filed with the Department of Industrial Accidents (DIA) a claim for workers' compensation benefits, alleging severe emotional distress due to the December, 2004, altercation.[2] A hearing under G. L. c. 152, § 11, was held over four days before an administrative judge and included testimony from the employee, the supervisor, and a witness to the altercation. The insurer, Massachusetts Interlocal Insurance Association,[3] argued, inter alia, that the employee was not entitled to benefits because (1) his actions constituted serious and wilful misconduct under G. L. c. 152, § 27 ; and (2) his firing was a bona fide personnel action pursuant to G. L. c. 152, § 1(7A). After the first hearing day, the employee moved, under the doctrine of collateral estoppel, to prevent the insurer from relitigating the facts found by the DUA. Noting a lack of privity between the parties in the two proceedings, the administrative judge denied the motion. The administrative judge ultimately found that the employee initiated the altercation and denied his claim under both statutory provisions raised by the insurer. The employee appealed to the reviewing board, which, relying primarily on Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132 (1998) (Tuper ), agreed with the administrative judge's collateral estoppel ruling and affirmed the decision. This appeal ensued.
Discussion. We review a decision by the reviewing board to determine whether it is "based on an error of law, or is arbitrary, capricious, or otherwise not in accordance with law." Wilson's Case, 89 Mass. App. Ct. 398, 400 (2016). The employee claims error in the reviewing board's holding that collateral estoppel does not apply to the insurer. Specifically, he contends that lack of privity is irrelevant because the town was a party to both proceedings and that the elements of collateral estoppel are met as to the town. We disagree.
"Before a party will be precluded from relitigating an issue, a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Tuper, supra at 134.
Even assuming, without accepting, that both of the employee's premises are correct, the insurer's lack of privity with a party to the prior adjudication prevents the application of collateral estoppel against it here. As noted above, collateral estoppel requires a plaintiff to demonstrate, among other elements, that said litigant "was a party (or in privity with a party) to the prior adjudication." Ibid. Indeed, it violates due process for a prior judgment to bind a litigant "who was not a party or a privy and therefore has never had an opportunity to be heard." Massachusetts Property Ins. Underwriting Assn. v. Norrington, 395 Mass. 751, 754 (1985) (Norrington ) (quotation omitted). Thus, to prevent the insurer from litigating the factual issues in this case, the employee had to establish the elements of collateral estoppel as to the insurer, not just the town. See id. at 754-756.
Here, the employee concedes that the insurer was not a party to the unemployment proceedings, and we agree with the reviewing board that he failed to demonstrate privity. Privity may be established by showing that the relevant party to the present action exerted "substantial control" over a party to the prior action. See Bourque v. Cape Southport Assocs., 60 Mass. App. Ct. 271, 275 (2004). Here, however, the employee has presented no evidence that the insurer exerted any control over a party to the prior action, let alone "substantial control." Ibid. That two parties may have been "interested in proving or disproving the same facts" is not enough to create privity. Norrington, supra. Consequently, the reviewing board did not err in concluding that the employee could not collaterally estop the insurer from contesting the facts of this case.[4] See Tuper, 428 Mass. at 134.
Although we could end our analysis there, we note that the reviewing board's decision comports with the fairness and policy considerations discussed in Tuper. See id. at 136-137. Lack of privity notwithstanding, it would have been unfair to apply preclusive effect to the DUA's decision given the small "stake[s]" of that adjudication relative to those before the DIA. Id. at 136. Moreover, allowing successful DUA claimants to utilize offensive collateral estoppel in worker's compensation actions -- which carry potential G. L. c. 152, § 28, ramifications -- would "force[ ]" employers "to litigate unemployment compensation claims to the hilt," contravening "the objective, and even the Federal mandate, of promptly resolving such claims." Id. at 137.
Decision of reviewing board affirmed.

The employee sought incapacity benefits under G. L. c. 152, §§ 34, 34A, and 35, and medical benefits under §§ 13 and 30.

The insurer is a public employer workers' compensation self-insurance group. See G. L. c. 152, § 25E.

Having decided this case on privity grounds, we need not address the employee's contention that the reviewing board erred in holding that G. L. c. 151A, § 46, precludes the introduction of DUA materials in subsequent DIA proceedings.