From 2005 to 2012, the plaintiff, Nenita Angeles, and defendant Alex Uson were in a partnership to renovate and to develop a property at 10-12 Ashton Place in Cambridge. They had a falling out in 2012. Uson convinced Angeles to execute a quitclaim deed conveying the property to him, and to dissolve their written partnership agreement. Uson then brought a summary process action, judgment entered for Uson, and Angeles was evicted from the property.
Angeles thereafter filed the instant action, seeking, among other things, (1) damages for alleged breach of the partnership agreement, and (2) to invalidate the quitclaim deed to Uson. A judge dismissed Angeles's claims that sought to invalidate the quitclaim deed, because those arguments had been actually litigated and rejected in the summary process action and were thus subject to collateral estoppel. On the remaining claims the jury found a breach of contract, but awarded no damages. Angeles appeals, arguing primarily that the collateral estoppel ruling was incorrect. We affirm.
Background. As indicated, the partnership between Angeles and Uson was directed to renovating and to developing the Cambridge property. Angeles is a Philippine national who was living in Cambridge; Uson resided in the Philippines. The written partnership agreement provided that Angeles would hold the deed and the mortgages in her name, while Uson would provide the down payment on the property. Angeles would be in charge of the renovations; the cost of the renovations would be covered by the mortgages or advanced by Uson, and any profit remaining after the sale and the discharge of the mortgages would be split.
By 2012 the units had not sold and Angeles had fallen behind on the mortgages. In May of 2012 Uson traveled from the Philippines to confront Angeles about her management of the project. Uson discovered that Angeles had moved into the master bedroom of one unit, was renting several other units to students, and was not marketing the property as promised. Uson was also concerned that substantial project funds were missing and not accounted for.
Uson convinced Angeles to enter into a partnership dissolution agreement, and to convey the deed to 10-12 Ashton Place to Uson. Those documents were signed during a meeting with Uson's counsel at the office of Foley Hoag in Boston. Subsequently, Angeles refused to vacate the property and Uson filed a summary process action in the District Court. Angeles defended against that action by claiming that Uson lacked the right to evict; Angeles argued in essence that the quitclaim deed giving Uson ownership of the property was conveyed under duress. A District Court judge rejected the duress defense and granted judgment for possession to Uson.
Three months after the eviction proceeding, Angeles brought this action in Superior Court seeking damages on a variety of theories, including breach of contract, and also seeking a declaratory judgment voiding the partnership dissolution agreement and the quitclaim deed. A Superior Court judge ruled that collateral estoppel barred Angeles's claims seeking to invalidate the quitclaim deed, because the validity of the deed had already been litigated in the District Court. At trial the jury found that Uson had breached the partnership dissolution agreement but awarded Angeles zero dollars in damages.[3] Angeles appealed from the judgment.
Following the judgment, the parties took a series of actions that resulted in additional appeals to this court. In particular, the Superior Court judge ordered the dissolution of the lis pendens that Angeles had previously obtained. Angeles appealed the dissolution to this court, and then also filed copies of her notices of appeal in the registry of deeds. Uson sought, and eventually obtained, an order from the Superior Court directing Angeles to remove the notices of appeal from the registry. Angeles again appealed. Her various appeals have been consolidated into this appeal.[4]
Discussion. 1. Collateral estoppel. The Superior Court judge ruled that collateral estoppel barred Angeles from seeking a declaratory judgment invalidating the quitclaim deed. We review the judge's order de novo. Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 691-692 (2016). Collateral estoppel, also called issue preclusion, bars a party from relitigating an issue where "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005), quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998). The decision on the issue also must have been essential to the earlier judgment. Tuper, supra at 134-135.
The elements of collateral estoppel are all present here. There was a final judgment on the merits in the summary process action in the District Court. The final judgment ordered possession for Uson in the summary process proceedings. Angeles did not appeal. Essential to that judgment was the District Court judge's determination that Uson held title to the property. Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011) ("legal title may be put in issue" in summary process actions), quoting New England Mut. Life Ins. Co. v. Wing, 191 Mass. 192, 195 (1906). Angeles expressly argued in defense to the summary process action that the quitclaim deed giving Uson title was invalid, in essence claiming that she conveyed it under duress. The District Court judge conducted his own examination of Angeles on that issue, and rejected her invalidity defense.
In her Superior Court action, Angeles sought to relitigate the same issue; she argued that Uson's title should be invalidated because it was obtained by duress. Because that issue had already been decided in the District Court, collateral estoppel applied. District Courts regularly adjudicate questions of ownership and proper title in summary process proceedings, and those determinations have preclusive effect. See Sheehan Constr. Co. v. Dudley, 299 Mass. 51, 54 (1937) (tenant estopped from relitigating validity of foreclosure where issue had been previously determined in summary process proceeding); Santos, 89 Mass. App. Ct. at 692-694 (affirming application of res judicata where plaintiff had previous opportunity to challenge bank's title during summary process).
Angeles contends that collateral estoppel was inappropriate because the District Court lacked jurisdiction to adjudicate the title dispute. General Laws c. 218, § 19, however, provides the District Court jurisdiction to hear summary process actions -- and such actions necessarily may involve a determination that the moving party has the legal title to evict. See Sheehan Constr. Co., 299 Mass. at 53-54 (legal title may be put in issue in summary process actions).[5]
2. Dissolution of lis pendens. Angeles also appeals from the order dissolving the lis pendens that she had previously obtained on the property. We see no reason to disturb this order where the action that is the basis for the lis pendens has been decided, and Angeles's claims to the property have been rejected.
Finally, the defendants request that this panel order Angeles to remove from the registry of deeds the notices of appeal that she recorded. This panel, however, will not order such relief in the first instance. A motion for such removal has already been granted in the Superior Court.[6] Uson may, if he chooses, seek appropriate remedies in the Superior Court.[7]
Judgment affirmed.
Order dissolving lis pendens affirmed.
Posttrial orders affirmed.

The jury found against Angeles on her claim for intentional infliction of emotional distress.

Angeles purports to appeal from (1) the Superior Court judgment entered on December 15, 2016, (2) the order dissolving the lis pendens entered on May 16, 2017, (3) the order denying her motion for a temporary injunction preventing sale of the property, entered on January 3, 2018, and (4) the order denying her motion to stay the court order requiring removal of her notices of appeal, entered on February 16, 2018.

Angeles also argues that collateral estoppel is inapplicable because she was unable to appeal the summary process action due to the bond requirement. This is not a case, however, where review was unobtainable as a matter of law; here, review was available under the statutory scheme, and there was also a process to seek waiver of the bond requirement. Angeles, however, did not take an appeal.

Angeles's appeal from this order is also before us, although she makes no substantive arguments regarding the order in her appellate brief. The order is accordingly affirmed, as are the other posttrial orders that are before us.

With respect to Angeles's other arguments that are not addressed herein, "they have not been overlooked. 'We find nothing in them that requires discussion.' " Central Ceilings, Inc. v. Suffolk Constr. Co., 91 Mass. App. Ct. 231, 242 n.20 (2017), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).